LESTOR THAYER *v.* WILLIAM LITTLEJOHN and others.

Where a landlord, instead of resorting to the means provided by law for obtaining payment of his rent and possession of his premises, takes upon himself, without authority, to remove the property and to turn out the family of his tenant, he will be liable in damages; and it will be no excuse, that such removal was effected without violence or injury.

Damages for a frivolous appeal cannot be granted by the court, where they have not been asked for by the appellee.

WILLIAM LITTLEJOHN is appellant from a judgment rendered against himself and four others, jointly, by the District Court for the parish of Caddo, *Campbell,* J.

*Gilbert,* for the plaintiff.

*Crain,* for the appellant.

MARTIN, J. The plaintiff, tenant of a log house, was absent from home, when the defendant, Littlejohn, accompanied by his four co-defendants, came to execute a *frontier process for rent arrear.* They began, by carefully putting out of doors, the table, chairs, and the rest of the furniture; and afterwards led out of the house the wife and two children of the plaintiff, the only persons therein; and finally, took out a box, which laid in a corner of the house, in which a feathered animal was rendering the first maternal duties to her future progeny. They did so with so much care, that she was not at all disturbed; and none of the frail shells, which inclosed the unborn brood, came in such contact with the sides of the box or with each other, as to occasion a premature birth. The defendant next unroofed the house, and took down so many of the logs as to render it uninhabitable. The plaintiff sought relief in the district court by the present suit. The defendants pleaded the general issue. There was a verdict against them for three hundred dollars. They made an unsuccessful attempt to obtain a new trial, and the present defendant has appealed. The facts were clearly proved. Evidence was admitted without opposition, to establish that the plaintiff is a man of bad character, addicted to hard drinking, and not a very strict observer of one of the ten commandments. The defendant's counsel in this court, has presented to us the above circumstances, the mild manner in which they turned out the plaintiff's family and furniture, and the difficulty the landlord had in obtaining his rent or possession of the

house, as an excuse for their conduct. The counsel has also urged that the district court erred in overruling a motion for a new trial, on the ground of excessive damages, the verdict being contrary to the law and evidence, and the defendant having been surprised, by the testimony of one of the plaintiff's witnesses, who testified that the plaintiff had a lease of the premises. An affidavit was filed stating that they had since discovered a witness, by whom this circumstance would be disproved, and another by whom they could prove, that the plaintiff had declared that he was a tenant at will only, and that he would deliver up possession of the premises whenever called upon.

We are perfectly satisfied, with the verdict of the jury, with the opinion of the court refusing the new trial, and with the judgment. Admitting all the facts which the defendants have alleged on their application for their new trial, it appears to us that they are without the least excuse. The law has provided various legal means by which landlords may obtain their rents, and the possession of their houses, and by which intruders may be turned out.

While we regret the obligation we are under of recording in our judgment a resort to force and violence by any of the inhabitants of the state, instead of an application to courts of justice, in redressing their grievances, we are much gratified by the opportunity of expressing our approbation of the due sense which those of our fellow-citizens who constituted the jury in the district court, manifested of their duty to prevent the recurrence of acts showing such disregard of the law, and all attempts to seek redress through violence and force, by persons who fancy themselves injured, or are really so. And we are surprised that the defendants should have conceived the idea that they could excite our sympathy or commisseration. We would have cheerfully granted damages for the frivolous appeal, if they had been asked, or if we thought ourselves authorized to grant them when not demanded.

*Judgment affirmed.*