BETSY ANN HOSHALL *vs.* NICHOLAS HOSHALL.

*Divorce a mensa et thoro—Cruelty of Treatment—Act of 1872, ch.* 272.

A single act of personal violence to his wife by a husband does not constitute cruelty of treatment, within the contemplation of the Act of 1872, ch. 272, as a cause for divorce *a mensa et thoro.*

APPEAL from the Circuit Court for Baltimore County, in equity.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*D. G. McIntosh* and *Arthur W. Machen,* for the appellant.

The question is, does the proof in this case meet the requirements of the Act of 1872, ch. 272, sec. 26.

Cruelty of treatment is usually defined in the language of Chancellor KENT, assuming to follow the opinions of the English Ecclesiastical Courts, as meaning "a series of acts of personal violence, or danger of life, limb or health." *Barren vs. Barren,* 4 *Johns. Ch.,* 187.

Though according to numerous decisions of the same Ecclesiastical Court, the rule is held to be this: "That actual violence must have been committed, or there must be reasonable apprehension of such violence." *Jamison vs. Jamison,* 4 *Md. Ch. Dec.,* 294; *Huhme vs. Huhme,* 2 *Eng. Ecc. Rep.,* 208; *Evans vs. Evans,* 4 *Eng. Ecc. Rep.,* 310; *Lockard vs. Lockard,* 7 *Eng. Ecc. Rep.,* 115.

The rule has been modified in the later cases, especially in this country, and it is held in some of the States, that there may be "cruelty of treatment" entirely apart from physical or personal violence; and it may consist in its intense form, in language, manner, personal bearing, threats and injuries to the feelings, standing and character of the sufferer. *Farnham vs. Farnham,* 73 *Ill.,* 497, 500.

In the light of the evidence upon which they were decided, there is nothing in any of the Maryland cases which would preclude the complainant from relief on the ground of cruelty of treatment. *Daiger vs. Daiger,* 2 *Md. Ch. Dec.,* 335; *Coles vs. Coles,* 2 *Md. Ch. Dec.,* 341; *Tayman vs. Tayman,* 2 *Md. Ch. Dec.,* 393; *Ricketts vs. Ricketts,* 4 *Gill,* 105; *Levering vs. Levering,* 16 *Md.,* 213, 219; *Harding vs. Harding,* 22 *Md.,* 344; *Lynch vs. Lynch,* 33 *Md.,* 328.

The use of abusive and threatening language, taken in connection with acts of physical violence, is a circumstance of controlling weight. *Day vs. Day,* 56 *N. H.,* 316. And as to what constitutes cruelty of treatment, see also, *Close vs. Close,* 25 *N. Jer. Eq.,* 526; 1 *Bishop on Marr. and Div.,* secs. 715–53; *Kelly vs. Kelly,* 2 *Probate and Divorce,* (*Law Rep.*) 31 *and* 59.

In the absence of any definition controlling the subject, it would be difficult to characterize defendant's conduct as other than "excessively vicious." Abandonment and desertion are directly chargeable to the husband, if his conduct compels his wife to leave him and seek shelter and protection elsewhere; and a divorce *a menso et thoro* for abandonment and desertion may be granted without regard to its duration. *Brown vs. Brown,* 5 *Gill,* 249; *Harding vs. Harding,* 22 *Md.,* 346; *Levering vs. Levering,* 16 *Md.,* 219.

*William S. Keech,* for the appellee.

The Act of 1872, ch. 272, as well as the Code, Art. 16, sec. 26, have been so frequently construed by this Court,

that there is no longer any doubt about the legal meaning of the words "cruelty of treatment" and "excessively vicious conduct," as specified causes for divorce. In passing upon applications for divorce, based upon these causes, Courts take into consideration the condition of the parties in life, their temperament, &c. That which would be most cruel to a refined and sensitive nature, might not be cruelty to one differently organized.

Petulance, rudeness and sallies of passions are not sufficient; there must be series of acts, &c. *Coles vs. Coles*, 2 *Md. Ch. Dec.*, 341; *Tayman vs. Tayman*, 2 *Md. Ch. Dec.*, 393.

There hâs been no evidence offered to show "cruelty of treatment" in more than one instance in this cause. This Court has held by a uniform and unbroken line of decisions, that one act of violence is not sufficient upon which to divorce parties, but there must be a series of acts to constitute that "cruelty of treatment" which the Legislature has pronounced a good cause for divorce. *Ricketts vs. Ricketts*, 4 *Gill*, 105; *Daiger vs. Daiger*, 2 *Md. Ch. Dec.*, 335; *Coles vs. Coles*, 2 *Md. Ch. Dec.*, 341; *Tayman vs. Tayman*, 2 *Md. Ch. Dec.*, 393; *Bouic vs. Bouic*, 3 *Md. Ch. Dec.*, 51; *Harding vs. Harding*, 22 *Md.*, 337.

BARTOL, C. J., delivered the opinion of the Court.

A careful examination of the evidence in this case has brought us to the same conclusion reached by the Judge of the Circuit Court, and so well expressed in his opinion contained in the record.

The only ground upon which the claim of the appellant to a divorce seems to rest with any degree of plausibility, is the alleged "*cruelty of treatment*" by her husband; but in our judgment the testimony fails to make out a case of cruelty of treatment, such as is contemplated by the Act of Assembly (1872, ch. 272,) as this has been uniformly understood and defined by the Courts.

Hoshall *vs.* Hoshall.

A single act of personal violence by her husband is proved, and it appears that this was provoked by her own unjustifiable conduct. It occurred in October 1876, and soon afterwards she voluntarily left her home, and went to live with one of her married daughters. This single act of violence on his part, though it cannot be justified in morals or in law, did not constitute "*cruelty of treatment*" within the meaning of the law, as a cause for divorce *a mensa et thoro.*

There is no proof in the record of any systematic or continued cruelty of treatment by the appellee, or any danger, to her life, limb or health, such as renders impossible the proper discharge of the duties of married life.

If, said the Court in *Dysart vs. Dysart,* 1 *Rob.,* 140, "a wife can ensure her own safety by lawful obedience, and by a proper self-command, she has no right to come here; for this Court affords its aid only where the necessity for its interference is absolutely proved."

It appears that these parties were married in 1847, at that time the appellant was a widow with four children. After the marriage they continued to live together for nearly thirty years, four children were born to them, one of whom died, and the other three all grew up, were married and went to live in their own homes.

So far as the evidence discloses, all these years of married life were passed in the peaceful and mutual discharge of their domestic duties. By industry, economy and thrift, they increased their worldly possessions, purchased a fine farm upon which they lived.

Their domestic peace and harmony do not appear to have been seriously interrupted, and there is certainly no evidence of any acts of cruelty on the part of the husband, until the occasion to which we have referred in October 1876, when a quarrel arose between them which culminated in the personal assault of which the appellant complains. The nature of this assault, and the circumstances

which led to it do not clearly appear, nor does it distinctly appear from the proof how or from what cause the quarrel arose.

On this subject the averments in the bill of complaint, and the statement contained in the answer differ very materially, as to the circumstances, and the provocation given by the appellant. Her statement made to the witness Hester Michael and testified to by the latter, we must discard from our consideration as inadmissible testimony.

It may be inferred from the evidence however, that the quarrel grew out of the employment in the family of a young woman servant, and probably from some feeling of jealousy on the part of the appellant. But there is no evidence of any improper conduct on the part of the appellee, or any sufficient cause for the old lady's feeling of jealousy and dissatisfaction. Moreover, the woman servant had been sent away some time before, by the appellant, which as remarked by the Judge of the Circuit Court, shows that her legitimate authority in the family was not destroyed, or interfered with by her husband.

Upon the whole case we are of opinion, no sufficient ground has been shown for a decree of divorce, as prayed in the bill of complaint, the decree of the Circuit Court will therefore be affirmed, costs to be paid by the appellee.

*Decree affirmed.*