The opinion of the Court was delivered by
Fenner, J.
Plaintiff bought from defendant, a furniture dealer, a set of furniture and paid for it.
Subsequently, he bought from defendant another set of furniture, under an arrangement by which he returned a part of the first set, valued at $37.50, which defendaut agreed to take back and credit on the price of the second set, and for the balance of said price he furnished his promissory notes, payable at 30, 60 and 90 days.
Conflicting testimony is presented touching the existence and nature of a verbal agreement made between the parties at the time of the contract. We eliminate the contradictory statements of plaintiff and defendant, and accept that of the only other witness present at the time, who says that “ Wren agreed with Flynn that in case he, Wren, did not pay his notes when they became due, Flynn could retake the furniture again.”
Shortly before the maturity of the first note, on account of the illness of liis wife, plaintiff, under medical advice, took her to Tangipahoa Parish, on the Jackson Railroad. On leaving, he sent a messenger to defendant, informing him of the cause of his departure and stating *1159 that, upon his return, he would settle his bill; to which the defendant made no objection. Owing to continued ill-health of his wife and other sickness in his family, his absence was prolonged until nearly a month after the maturity of the last note.
In the meantime, the notes had all matured, and defendant had several times sent his collector to plaintiff’s house without finding him ; but it does not appear that he made any other effort to communicate with him or to notify him of his intention to retake the furniture, if not paid.
On the 27th of September, defendant went to plaintiff’s house with a wagon and several men ; entered the same, which was then occupied by plaintiff’s mother, sister, and sister-in-law; informed these ladies that he had come to take the furniture, and disregarding their statement that Wren’s return was expected and their request that he should wait until his .return, he caused the contents of the furniture to be taken out, and removed and carried away the same.
That same night defendant returned with his invalid wife and children, and found their sleeping apartments denuded of furniture, so that they were compelled, in order to find accommodation, to send off some members of his family to other quarters.
It is in evidence that plaintiff had provided himself with means to pay for the furniture and had returned with that purpose, according to the assurance which' he had conveyed to defendant when he left the city, and to which the latter had not objected.
No one appreciating the jealous care with which our law guards the sacredness of every man’s house and his lawful possession of property against invasion or disturbance, otherwise than by proceedings taken under the sanction and through the agency of the public justice, can question that, unless removed from its general principles by the effect of the agreement set up in defense, the acts which we have detailed constituted a gross outrage upon the rights and feelings of plaintiff, as a citizen and a man, for which courts of justice must either grant redress or sanction the personal exaction of satisfaction by violence. Thayer vs. Littlejohn, 1 Rob. 140.
The agreement established in this record cannot shield the conduct of defendant.' It does not purport, in terms, to confer upon the defendant the right to enter the house of plaintiff, in his absence, without his consent, and without notice, and to carry off its contents. An agreement conferring such extraordinary power would need to be so clearly worded and proven as to leave nothing to implication.
The grant of the simple right to retake his furniture, on non-payment of the price, cannot be construed to embrace such power.
*1160 It conferred, at most, a legal right upon defendant, which, like other rights, could be enforced only with consent of plaintiff or by legal process; and we doubt, under the evidence here, whether any court would have awarded possession to Flynn, without requiring antecedent tender or payment of that part of the price which had been paid.
This case is entirely different from that of Jencks vs. Home Sewing Machine Company, recently decided, where we rejected the claim of plaintiff, because, having consented to the retalcing by plaintiff, she 'vas present when he exercised the right and made no opposition.
We are not disposed to interfere with the allowance by the jury of $750 as damages. The discretion of juries in such matters is not to be interfered with, unless manifestly abused.
The argument that the slight value of the furniture involved justifies a reduction of damages, has no weight.
The unlawful invasion of the pauper’s hovel and abstraction of its scanty possessions, is an injury identical in character and magnitude with the like entry of a palace and the despoiling it of its gorgeous apparel.
Judgment affirmed.
Rehearing refused.