## BAROND J. GOODHUES *vs*. MARY GOODHUES.

*Divorce a Mensa—Insufficient Evidence—Cruelty of Treatment—Record on Appeal.*

In this case a bill for divorce *a mensa* filed by a wife against her husband relied upon the grounds of cruelty of treatment, desertion and abandonment. *Held*, that the evidence failed to establish the allegations of the bill and that the complainant is not entitled to a decree.

A single act of violence on the part of a husband is not such cruelty of treatment as constitutes cause for divorce.

A conversation between the trial judge and the parties to the cause after the hearing below is not a part of the record.

Appeal from the Circuit Court of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*C. Dodd McFarland* (with whom was *Peter J. Campbell* on the brief), for the appellant.

*Norbert Blank*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is a bill for divorce *a mensa et thoro* filed by the wife against the husband. The grounds relied on are cruelty of treatment, desertion and abandoment.

We are all of opinion that the allegations of the bill are not sustained. Undoubtedly the plaintiff's testimony taken alone sustains both of the grounds on which she relies; but, so far from being corroborated, as she must be to make her testimony the basis of a decree (*Article 35, sec. 3*, of the Code), she is flatly contradicted on every material point except one. This condition of the proof is apparent upon an examination of the record, and it would serve no

good purpose to examine the testimony in detail. The one particular in which she is corroborated is the alleged fact that her husband on one occasion kicked her. Assuming, which we do, however, only for the sake of the argument, that this one act of cruelty is established by satisfactory and legal evidence, it would not be sufficient to justify a dissolution of the marriage tie. " This single act of violence on his part, though it cannot be justified in morals or in law, did not constitute "cruelty of treatment" within the meaning of the law, as a cause for divorce *a mensa et thoro.*" *Hoshall* v. *Hoshall,* 51 Md. 75.

2. The testimony of the plaintiff in regard to the alleged desertion and abandonment is equally pointed, but it is not only contradicted by the direct denials of the defendant, but all the circumstances of the case show that when he left her he did not do so with any intention of deserting her. On the contrary we think it is evident from the testimony that he was anxious for her to leave her mother and live with him, and that she refused to accede to his wishes in this respect. In the presence of their pastor she refused to leave the home of her mother to live with the defendant.

He left her on the 26th of August, 1898, to go with his father for a few days to Atlantic City, and on the 29th, three days thereafter, the bill in this case was filed.

In conclusion it need only be said that the testimony which is embraced in the return to the writ of diminution cannot be considered. It forms no proper part of the record. It consists of a conversation between the trial Judge and the parties to the suit at the conclusion of the hearing. If it is to be considered as testimony it was taken without any order or leave of Court.

It follows from what we have said that the decree granting the divorce *a mensa et thoro* must be reversed, and the bill dismissed.

*Decree reversed.*