————o————

No. 5734.

## MRS. BERTHA G. PERRY vs. JUNIUS HART PIANO HOUSE, LIMITED.

### Syllabus.

1. A provision in a credit sale of personal property that on failure of the vendee to pay the price at maturity the vendor

may take possession of and sell the property in satisfaction of the debt, does not authorize the vendor to remove the property from the home of the vendee, during the temporary absence and without the consent of or prior notice to the latter.

2. An agreement conferring such extraordinary power, even if its legality could be upheld, should be so clearly and expressly worded to that effect as to leave nothing to implication.

3. That the property removed was of small value, or that the entry and removal were effected without violence or injury, or that the purchaser was in default in payment of the price, are incidents which do not materially affect the extent of the vendor's liability, in an action against him by the vendee for the recovery of damages for the illegal entry and removal.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 94,369, Hon. F. D. King, Judge.

M. D. Dimitry, for plaintiff and appellee.

Sol. Wolff, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

In February, 1909, defendant sold and delivered to plaintiff a piano for $400, payable in installments of $8 monthly, the contract specifying that should she fail to pay the price as it matured, she would deliver the piano to defendant, and that upon her failure "so to do when requested," the defendant was authorized "to take possession of the piano and sell the same to the best advantage within ninety days" in satisfaction of the balance due.

The first few payments were met promptly, but thereafter the contract terms were not strictly complied with, the plaintiff paying small amounts at indifferent intervals

and gradually falling into arrears so that by the end of May, 1910, she had paid a little in excess of one-half of the amount that had then matured under the contract.

On June 12th, 1910, the plaintiff temporarily left the city and she states that she informed in advance Mische, defendant's agent, of her intention so to do—and Mische does not deny this. On the day following Mische called at plaintiff's house and enquired for her, and was told by Mrs. Chandler, a boarder or sub-tenant, that plaintiff had left the city for a two weeks' absence but had instructed her to make a payment on the piano on the 16th, which she would do. Mische replied that he would submit the matter to his employer, stating that Mrs. Perry, the plaintiff, had promised to make a payment on the 13th—in which statement, however, he is contradicted by plaintiff who, in accord with Mrs. Chandler, testifies that she had agreed and had in fact arranged to make a payment on the 16th.

On the day following, the 14th, without any previous effort to communicate with plaintiff and without any request having ever been made of her to "deliver" the piano, the defendant sent Mische to her house, and in her absence and without her knowledge or consent, carted the piano away, notwithstanding the protest of both Mr. and Mrs. Chandler. When the latter communicated these facts to plaintiff, she hurriedly returned to the city a few days later, protested to defendant against this action on its part, was unable to obtain any satisfaction except a simple offer to return the piano, and subsequently filed this suit for damages against defendant for its alleged unwarranted and illegal act in invading her home and removing the piano. The judgment appealed from rejecting her demand was apparently based upon the theory that the contract authorized the defendant to enter the premises and remove the property. There is no substan-

tial conflict in the testimony which exhibits the foregoing facts.

And though this theory, namely, that the contract sanctioned the removal of the furniture, is in fact the main defense, there is not a scintilla of evidence to indicate that the express condition ever arose upon which, by the very terms of the agreement, defendant's right of removal depended—that is, plaintiff's prior failure to deliver the piano "when requested." Consequently, even if the contract could be so construed as to sanction the invasion of her home and the removal of her property during her absence and without her consent, defendant has failed to show that the contingency existed upon which its alleged right of entry and removal was predicated.

But even aside from this consideration, this cause cannot be distinguished from that of **Van Wren vs. Flynn,** wherein, as in this case, during plaintiff's absence and without prior notice, his home was invaded and the property removed by defendant from whom he had purchased it on terms of credit with which plaintiff had failed to comply, the defendant purporting to act under the authority of a contract which provided that he could retake the furniture upon plaintiff's failure to pay the price at its maturity. And the language of the Court in that case is pertinent here:

>"No one appreciating the jealous care with which our law guards the sacredness of every man's house and his lawful possession of property against invasion or disturbance, otherwise than by proceedings taken under the sanction and through the agency of the public justice, can question that, unless removed from its general principles by the effect of the agreement set up in defense, the acts which we have detailed constituted a gross outrage upon the rights and feelings of plaintiff, as a citizen and a man, for which Courts of justice must either grant redress or sanc-

— 173 —

tion the personal exaction of satisfaction by violence.''

Thayer vs. Littlejohn, 1 Rob. 140.

''The agreement established in this record cannot shield the conduct of defendant. It does not purport, in terms, to confer upon defendant the right to enter the house of plaintiff in his absence, without his consent, and without notice, and to carry off its contents. An agreement conferring such extraordinary power would need to be so clearly worded and proven as to leave nothing to implication. The grant of the simple right to retake the furniture on non-payment of the price cannot be construed to embrace such power.''

Van Wren vs. Flynn, 34 An., 1158.

We are satisfied that the contract provisions in the present instance furnish no justification for defendant's act, and it might be remarked in passing that there would be grave doubt as to the legality of a contract conferring in express terms the faculty which defendant saw fit to exercise.

See, **Widow Joseph Reichelt vs. St. Vincent de Paul Cemetery Association**, No. 5684 of our docket, decided January 13, 1913, not yet reported.

The further defense that defendant had a right to remove the piano because it would not be properly cared for or might be seized under a claim for rent during plaintiff's absence is without merit even were the facts proved (which is not the case) upon which the defense is based. We know of no law or authority and none has been cited to us, which would permit the defendant, in plaintiff's absence and without her consent, to remove the piano under such circumstances.

Plaintiff does not sue for any pecuniary loss entailed by defendant's act, but confines her claim to damages for

the humiliation, etc., suffered and to examplary damages. There is no question that she was greatly shocked and, humiliated by what occurred, several of her tenants leaving her on the plea that they feared that the balance of the furnishings of the house would be removed, and the fact that the piano was of comparatively small value and was removed without violence or injury, does not materially affect the extent of defendant's liability. An allowance of $400 in her favor will do comparative justice under all the circumstances.

> See, **Thayer vs. Littlejohn, 1 Rob., 140; Van Wren vs. Flynn, supra; Boniel vs. Block, 44 An., 514.**

The defendant reconvened and had judgment for the balance due on the purchase price and appellant has suggested no error in that regard.

It is accordingly ordered that the judgment appealed from, in so far as it dismisses plaintiff's claim upon the main demand and taxes her with the costs, be reversed and set aside and it is now decreed that upon the main demand the plaintiff, Mrs. Bertha G. Perry, do have judgment against the defendant, the Junius Hart Piano House, Limited, in the sum of four hundred ($400) dollars with interest thereon at 5% from date of this judgment, defendant to pay the costs of the main demand and of this appeal and plaintiff those incurred on the reconventional demand—and in all other respects the judgment appealed from is affirmed.

Reversed in part and affirmed in part.

Dufour, J., takes no part.

Opinion and decree, March 10, 1913.

Rehearing refused, April 7th, 1913.