————o————

## No. 5851.

## JOHN GREENLEE vs. SINGER SEWING MACHINE COMPANY.

### Syllabus.

Parties undertaking to take the law in their own hands and to substitute violence for legal process should be made to feel the weight of judicial condemnation.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 98,917. Hon. T. C. W. Ellis, Judge.

Woodville & Woodville, for plaintiff and appellee.

J. Zach. Spearing, for defendant and appellant.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

The plaintiff alleges that, acting as agent of the community, his wife had purchased a sewing machine from defendant and that, on or about March 18th, 1911, the latter's employees without writ or other legal process or warrant of law, and against the wife's protest, had forcibly taken and removed the machine to the defendant's store.

He sued for damages in the sum of $500, and obtained $200; the defendant has appealed and the plaintiff by way of answer, asks for an increase to the amount prayed for.

Objection was made to the wife's right to testify.

After hearing evidence to the effect that the husband is often called from the city in the course of his employment and that she is left here with small children to take care of and help support by sewing and that her husband authorized her to buy a machine and make the payments as they matured, the District Judge correctly found that the evidence of agency was absolute.

The proof of the trespass is complete; the employee declared he was acting under instructions of the company, and removed the machine in one of the latter's wagons, in spite of the woman's protest.

This is not one of the modes provided by law to enforce payment of past due instalments on articles purchased and parties resorting to such arbitrary methods and deliberately substituting violence for law should be made to feel the weight of judicial condemnation.

Such conduct smacks strongly of the frontier process so eloquently denounced by Judge Martin in **Thayer vs. Littlejohn, 1 Rob., 140,** and it is the duty of Courts to enforce respect for the law by visiting its violation with adequate punishment.

The amount allowed we find sufficient for the purpose under the circumstances of this case.

Judgment affirmed.

Opinion and decree, June 2nd, 1913.

Rehearing refused, June 26, 1913.

Writ denied, September 27th, 1913.