———o———

No. 5852.

## JOHN BETTIS vs. SINGER SEWING MACHINE CO.

### Syllabus.

1. Where one enters the premises of another, without his consent, and without judicial process takes property therefrom, under any claim or pretext whatsoever, it is a trespass *vi et armis,* and the injured party is entitled to substantial damages, however gently the trespasser may have acted.

2. Where the husband leaves his home and property in the custody of his wife, her possession being for his account she is a competent witness as to "*all transactions arising from, involved in, or connected with, such agency,*" and may testify for or against him as to the circumstances under which her said possession has been disturbed. See Act 190 of 1898.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 98,954. Hon. T. C. W. Ellis, Judge.

Woodville & Woodville, for plaintiff and appellee.

J. Zach. Spearing, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

— 273 —

Plaintiff seeks damages for the unlawful taking away of a sewing machine from his home, during his absence, without his consent and over the objection of his wife.

This taking away was done by defendant's agents without violence of any kind, or injury whatsoever to any person or thing in the premises, and for the sole purpose of recovering the machine, in which defendant claimed and had an interest.

But it was effected **without judicial process**, and it is immaterial how gently defendant acted; it was a trespass **vi et armis**, in contemplation of law, and plaintiff is entitled to recover substantial damages.

**(Thayer vs. Littlejohn, 1 Rob., 140).**

The trial Judge allowed plaintiff $200, and we see no reason either to increase or decrease the amount of his award.

Incidently the trial Judge permitted the plaintiff's wife to testify as to the taking away; because it seemed to him that "she represented him (the husband), so far as keeping the custody of the machine was concerned."

His ruling was correct. Where the husband leaves his home and property in the custody of his wife, her possession being for his account she is a competent witness as to "all transactions arising from, involved in, or connected with, such agency," and may testify for or against him as to the circumstances under which her said possession has been disturbed. (See Act 190 of 1898.)

Opinion and decree, June 2nd, 1913.

Rehearing refused, June 26th, 1913.

Writ denied, September 27th, 1913.