Plaintiff brings this suit for damages for the alleged unlawful invasion of his house and the removal of certain furniture that he had purchased from the defendant on terms of credit.
The defense is that the furniture was removed by the defendant with the expressed consent of the plaintiff's minor son and plaintiff's mother, and that there was no forcible entry of the premises and the taking of the furniture was for storage purposes.
The defendant, in further answer, assumes the position of plaintiff in reconvention *Page 165 
and alleges that there was a balance due on the furniture amounting to the sum of $23.25, and for which he is entitled to judgment in his favor and against the plaintiff with recognition of his vendor's lien and privilege on the furniture.
The lower court dismissed plaintiff's suit and awarded defendant a judgment against plaintiff in the sum of $21.75, with recognition of defendant's vendor's lien and privilege on the furniture. Plaintiff has appealed.
On November 23, 1940, plaintiff purchased certain articles of furniture from the defendant, amounting to $17.50, payable in installments of $2 every two weeks, on which purchase price there was paid the sum of $10, up to March 5, 1941. On March 5, 1941, plaintiff purchased certain other furniture from the defendant amounting to $19.75, on the same terms and conditions and charged on the same account. Plaintiff thereafter paid the sum of $6, the last payment being made on March 31, 1941, leaving a balance due as of that date in the sum of $21.25.
On August 20, 1942, while plaintiff was absent from his residence, defendant removed all of the said furniture, save a bedstead and spring, from plaintiff's home.
There is a conflict between the testimony of the young son and mother of plaintiff and the testimony of the defendant as to what actually happened at the time the furniture was removed.
We deem it unnecessary to discuss the testimony of the minor son and of plaintiff's mother or to attempt the impossible task of reconciling the conflict.
From our view of the case, it is immaterial whether the young son and the mother of plaintiff consented to the removal of the furniture or not, or whether they failed to protest against the removal, or even helped in the removal.
The fact remains, and is undisputed, that the plaintiff, who owned the furniture and who alone was responsible for the balance of the purchase price, was absent from the home at the time, and this fact was made known to the defendant. Defendant made no effort to ascertain the whereabouts of plaintiff or to get his consent. In fact, it is not contended that defendant had plaintiff's consent nor that plaintiff ever acquiesced in the removal of the furniture.
According to defendant's testimony, he had made several trips to plaintiff's home to see him about the account, but had failed to contact him. On the day the furniture was removed he was informed that plaintiff and his wife had become separated; that plaintiff had sold his crop and had the intention of moving outside of the parish; that when he arrived at plaintiff's home, plaintiff was absent; that plaintiff's young boy, about fourteen years old, was present. He informed the little boy that the furniture was his and the purpose of his visit, the removal of the furniture. The little boy protested, and the little boy went after his grandmother, plaintiff's mother, who was not far away; that he then informed the mother of plaintiff of the purpose of his visit; that, at first, she also objected to the removal; that he told them that he would go to town and get the Sheriff, whereupon "the mother said not to do that, to take it". That the boy and mother invited him into the house and that they helped him "round it up". That he, with the help of the boy, loaded the furniture in his truck and took it to his place of business for storage purposes and that he has not disposed of the furniture.
No citation of authority is needed to show that the young minor son and mother of plaintiff could not, unless specially authorized by the plaintiff, grant permission to remove the furniture for any purpose. There is no pretense that the son and mother had any such special authority.
The evidence in the case clearly establishes that defendant, without the consent, authority, or acquiescence of plaintiff, and without due process of law, wrongfully converted plaintiff's furniture.
There can be no doubt that the jurisprudence of this state is firmly established, beginning with the case of Thayer v. Littlejohn, 1 Rob. 140, that a vendor of movables who illegally invades the premises of the vendee and seizes the conveyed property is responsible in damages. See also Van Wren v. Hugh Flynn, 34 La.Ann. 1158; Luthy v. Phillip Werlein, 163 La. 752,112 So. 709; McDaniel v. Lieberman, La.App., 157 So. 834; Lewis v. Burglass, La.App., 172 So. 807; Victor v. Fairchild Motor Corp., La.App., 8 So.2d 566; Carter v. Mintz Goldblum, La.App.8 So.2d 709.
Our conclusion is that the defendant is liable in damages.
The plaintiff does not seek to be recognized as owner of the furniture removed *Page 166 
and have the same returned to him, but is seeking the amount paid on the furniture. In other words, he treats the acts of the defendant as annulling the sale for the want of payment of the purchase price and seeks that which he paid on the furniture. Considering the fact that he has had the use of the furniture for practically two years and has retained a bedstead and spring, the amount paid can be said to be an offset for the use of the furniture removed by the defendant and the bedstead and spring retained by him.
The plaintiff, however, is entitled to damages for the illegal trespass of his property rights. The defendant, in reconvention, obtained a judgment against the plaintiff in the sum of $21.75 with legal interest from judicial demand, with recognition of his vendor's lien and privilege on all of the furniture sold to plaintiff. The judgment should have been for the sum of $21.25. Considering the fact that the plaintiff is not claiming the furniture removed, we allow the defendant to retain the furniture removed and allow the plaintiff to retain the bedstead and spring — and we further allow the amount due to the defendant as an offset in the allowance of damages. As such we fix the amount of damages at $71.25, making a net allowance of $50 and for which judgment will be rendered.
For the reasons assigned, the judgment appealed from is annulled, reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Willie Strahan and against the defendant George W. Simmons in the net sum of $50, with legal interest thereon from judicial demand until paid, and costs in both courts.