ELLIS, Judge.
This is a suit for damages for an alleged illegal conversion of an automobile. It is alleged in the petition that the petitioner is a duly qualified and acting administrator of the Succession of Dr. Edgar Burk Shaw who died on July 30, 1947, and that on July 31, 1947 “the said John Eskew and the said Norma S. Eskew furthermore unlawfully took possession of and removed from the aforesaid premises which had been occupied by the deceased Edgar Burk Shaw as his residence, one (1) Model 1946 Dodge automobile Motor No. D24104021 which said automobile was the property of and owned by the said Edgar Burk Shaw.” Further, “that, after taking and removing the Dodge automobile as aforesaid, the said John Eskew and Norma S. Eskew converted the same to their own use or disposed of the same for their own benefit all without any legal right whatsoever.” Plaintiff prayed for a judgment for $2,000 for the value of the automobile illegally taken, which he alleged was the value of the car. (Emphasis added.)
Defendants filed an exception of no cause or right of action which was overruled, whereupon answer was filed specifically denying the articles quoted together with all other allegations of fact necessary to plaintiff’s cause of action, and further, in reconvention, defendants prayed for judgment against the plaintiffs for $150 which they alleged as having been spent on Dr. Shaw’s funeral by them personally.
The Lower Court first rendered judgment in favor of the plaintiff for $2,000 which it found to be the value of the car but allowed the defendants credit for the original purchase price of $1,336.30. The plaintiff filed a motion for rehearing on the ground that no claim had been made for the purchase price by the defendants in their answer, and the Court granted the rehearing and rendered judgment for the $2,000 as the value of the automobile without any credit to defendants and refused the reconventional demands of the defendants.
The defendants have appealed from this judgment.
It is shown by the testimony that the deceased, Dr. Edgar Burk Shaw, was an elderly bachelor who, up to the date of his death, still was considered a practicing veterinarian, and who lived near Clinton, Louisiana in the home of a Mr. and Mrs. Matthews, all of his relatives being nonresidents. He had moved into the Matthews home in December 1946. It is also shown that he felt closer to the defendants than to any of his relatives, and when he died the defendants were the first to be notified in accordance with previous instructions and a note left by Dr. Shaw. Immediately upon notification of Dr. Shaw’s death, the defendants drove from their home in Alexandria, Louisiana to Clinton, Louisiana, took charge of the funeral arrangements, notified his relatives, only one of whom attended, Mrs. Virginia Shaw Dinges. After the funeral services in Clinton, the defendants, together with Mrs. Dinges, returned to the Matthew’s home and it was then that the defendant John Eskew removed the automobile to Alexandria, Louisiana. The administrator thus claims that the automobile was the property of and owned by Dr. Shaw at the time of his death and the taking thereof by the defendants was illegal, whereas, the defendants deny this and allege in their answer that it was merely loaned to the deceased.
As the defendants’ answer sets forth that it was agreed that the automobile would be registered in the name of *211 Dr. Shaw and the insurance would be issued in Dr. Shaw’s name “just the same as though it was owned by him, and that in order to carry out this understanding, it was agreed between decedent and John Eskew that such automobile loaned would be charged on the books of Eskew’s business to the decedent”, the plaintiff contends that this was an admission by the defendants that Dr. Shaw was in possession of the automobile as owner and that it therefore became the defendants’ burden to prove the affirmative defense that the car was merely loaned to Dr. Shaw. We cannot agree with this contention or this premise for it is clear that under the allegations of defendants’ answer they denied the affirmative allegation in plaintiff’s petition that Dr. Shaw was the owner of the automobile, and the allegation of the answer upon which plaintiff bases his argument is not an admission that he possessed the automobile as owner but merely that he was in possession by virtue of the defendant having loaned him the automobile. The burden of proof is upon the plaintiff to show that Dr. Shaw, at the date of his death, owned this automobile. There is no allegation nor any contention that it was a gift. There is no denial that the automobile in dispute, prior to coming into Dr. Shaw’s possession, was owned by the Eskew Motor Company which was owned in its entirety by the defendant, John Eskew.
The plaintiff has offered, as proof of the fact that Dr. Shaw was the owner of the automobile by virtue of its purchase from the defendant John Eskew or the Eskew Motor Company, the fact that on the date of Dr. Shaw’s death he was in possession of same; that he obtained possession of the automobile from the Eskew Motor Company September 23, 1946, and on September 25, 1946 obtained insurance on the automobile as owner in which, presumably, he stated to the insurance company that the actual cost of the automobile when purchased including equipment was $1,336.30; that it had no encumbrances against it; that it was new, having been purchased in September, 1946. Plaintiff also offered two certificates of registration, one issued 10-4-46 and the other issued 1-10-47 to E. B. Shaw, with the certificate on the back of the latter registration that “I hereby certify I am the owner of the Motor Vehicle described on reverse side,” Signed “E. B, Shaw.”
There is not one line of proof of actual payment of the purchase price of $1,336.30. The petition of plaintiff does not allege, nor is there any proof to show, that the automobile was sold to the deceased on credit, or part cash and the balance credit, or paid for entirely in cash. On the other hand, it is shown that Dr. Shaw was looked upon and treated as a member of defendants’ family. He lived with them for quite a number of years at their home in Alexandria, Louisiana, and it is shown that the defendants built a special room and bath for him which at the date of his death was considered his room and unoccupied by any one else, all of which was without charge,
It is further shown that Dr. Shaw left a policy of insurance payable to the defendant, Mrs. .Norma Eskew, to take care of his funeral expenses, but when the expenses exceeded the amount of the policy by $183.26, this amount was immediately and without any quibbling, paid by Mrs. Norma Eskew as shown by her check dated August 1, 1947, which she had no intention of claiming or attempting to collect until the present suit was filed.
It is further shown that Dr. Shaw, during his lifetime, used other automobiles belonging to the Eskew Motor Company and that he had placed an order for a Chrysler automobile. The trial judge sustained an objection to the introduction of this order, which We believe should have been overruled and allowed to be placed in the record for what it was worth. If he had signed this order it was admissible.
It is further shown that just prior to obtaining the car in dispute, Dr. Shaw owned a 1942 Dodge which was sold by an employee or salesman of the-Eskew Motor Company and the money given to Dr. Shaw. After this 1942 Dodge was sold, there is no denial that he borrowed and •used or that he was loaned for his use a pick-up truck which belonged to the Es- *212 kew Motor Company and which at times he- used to go back and forth between Alexandria and Clinton. It is shown that he returned this truck to the Eskew Motor Company and in return was given the car in, dispute. .
It is further shown that the Eskew Motor Company owned approximately six cars at the time it sold Dr. Shaw’s personal 1942 Dodge car, which had been loaned to and were in the possession of various persons — one to its parts manager, one to a salesman, one to a man by the name of Forrest Campbell, one to Mrs. John Eskew, one to Dr. Shaw, and one was being used by the Eskew Body Shop. In each case, the insurance was carried by the individual who operated the automobile.
There is nothing unusual in the defendant’s testimony that he loaned this automobile to Dr. Shaw, in view of the relationship which existed between the defendants and Dr. Shaw, neither is there anything unusual in the fact that Dr. Shaw carried the insurance in his name and secured the registration certificates in his name, for this would be little enough for him to do in return for the loan and use of the automobile. Counsel for plaintiff seems to think it strange that the defendant, John Eskew, who is described as having the appearance of a hard-headed business man, knowing that Dr. Shaw had a heart ailment and might die at any time, had not secured something in writing to show that he had loaned him the automobile. While this might have been the advisable thing to do, the failure of Eskew to obtain a written statement that he had only loaned the automobile to Dr. Shaw is no more: strange than the failure of Dr. Shaw, if he had paid cash for this automobile, to have obtained or demanded a receipt in the ordinary course of business. If he had paid by check it would have been among his papers or the records at the bank would reveal any such payment to the Eskew Motor Company, and all these records were in the possession of ■ or could have been obtained by the plaintiffs. If this automobile had been purchased from the Eskew Motor Company and paid for by Dr. Shaw, the books of the company for the year in which it was purchased would reflect this fact, which information could have also been obtained by the plaintiffs. The fact that the trial judge came to the conclusion that Dr. Shaw had not paid for the car is corroborative of defendant’s position that the car was loaned to D’r. Shaw.
It is our opinion that the plaintiff, in order to prove that automobile was the property of and owned by Dr. Shaw, of necessity had to prove payment for the automobile, or the purchase of the automobile for part cash and the balance on time, or, if purchased entirely on credit the defendants are entitled to credit for the purchase price. We do not agree with counsel for plaintiff or the trial judge that it was necessary for the defendants to ask for credit for the unpaid purchase price. The proof offered by the plaintiffs made a prima facie case, a presumption of the ownership of the automobile by Dr. Shaw. It was then encumbent upon the defendant to prove that the car was loaned to Dr. Shaw, or in oth^r words, to rebut the prima facie case made by plaintiffs. We are of the opinion that defendant has sufficiently rebutted this prima facie case or presumption of ownership in Dr. Shaw. Having done so, the plaintiffs were then called upon to show the purchase from defendant of the car and the payment therefor. The plaintiffs have failed to show the purchase of and payment for the automobile by Dr. Shaw. It then must be presumed that Dr. Shaw did not pay for the car; in other words, they have failed to sustain the burden of proof showing the ownership of the car in Dr. Shaw.
It is unnecessary to consider the question of whether this automobile was taken with the consent and authority of the heir and relative Mrs. Dinges, who was present at the time the car was moved by Eskew, nor is it necessary to consider the amount of damages which, if the plaintiff had been entitled to same, would have been the value of the equitable interest in the automobile under the authority of Bryson v. Bates-Crumley Chevrolet Co., Inc., La.App., 171 So. 605; Victor v. Fairchild Motor Corporation, La.App., 8 So.2d 566; Carter v. *213 Mintz & Goldblum, La.App., 8 So.2d 709; Strahan v. Simmons, La.App., 15 So.2d 164.
For the reasons assigned, it is ordered that the judgment of the District Court be reversed and the plaintiff’s suit dismissed at his cost.