## No. 8763.

### M. Roos vs. P. Goldman & Bro.

Where the writ of civil arrest has been finally set aside by judgment of the court which issued it, that forms *res judicata* as to the wrongfulness of its issuance and subjects the party who provoked it to liability for actual damages.

In absence of proof of malice or want of probable cause, none but actual damages can be recovered.

Counsel fees for prosecuting suit for damages not allowed.

APPEAL from the Tenth District Court, Parish of Red River. Logan, J.

L. B. Watkins for Plaintiff and Appellant.

Jos. H. Pierson for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. Plaintiff sued P. Goldman & Bro. on a mercantile account for $448 64, less a credit of $50.

Upon proper averments that defendants were about to remove from the State permanently, without leaving in it sufficient property to satisfy his demand and expected judgment, plaintiff obtained a writ of civil arrest, which was executed by the arrest and imprisonment of defendants.

Upon a rule taken traversing the facts, after hearing and trial, judgment was rendered making the same absolute, setting aside the arrest and discharging the defendants.

Thereafter defendants filed separate answers putting plaintiff's demand at issue and claiming in reconvention large damages for the wrongful arrest, which was alleged also to have been made maliciously and without probable cause.

On trial by jury, judgment was rendered in favor of plaintiff on his principal demand, and, on the reconventional demand, awarding P. Goldman $500 as damages and N. Goldman $750, from which the plaintiff appeals.

We have no jurisdiction over the principal demand nor over the judgment on the rule setting aside the arrest.

We must treat that judgment as *res judicata* upon the question that the writ of arrest was wrongfully issued and as fixing the liability of plaintiff for actual damages.    Barrimore vs. McFeely, 32 A. 1182; Block vs. Meyers, 35 A. 220.

In this respect, such actions differ from those for malicious criminal prosecutions where malice and want of probable cause are essential to sustain the recovery of any damages whatever.

But here, we are only concerned with the question of malice and probable cause as affecting the measure of damages.

Unless plaintiff's resort to the remedy of arrest was malicious or without probable cause, he is liable for actual damages only.    Byrne vs. Gardner, 33 A. 6.

The evidence convinces us beyond a doubt, that such is the limit of his liability in the present case.

The only question is, whether the amounts awarded defendants are in excess of the actual damages established by the evidence.

They were confined in jail for three or four hours.

It would not be useful, and certainly not agreeable, to defendants to recapitulate the evidence showing that they suffered no damage to their business, credit or reputation, and tending to show that, so far as their feelings were concerned, they were rather elated at the prospect of a suit for damages, than depressed by consignment to prison.

The evidence of counsel on both sides agree in fixing $150 as proper counsel fee for procuring the discharge of the arrest.

The fee of counsel in prosecuting the claim for damages is not a proper subject of recovery.    Chapuis vs. Waterman, 34 A. 61.

We are satisfied that in reducing the principal of the amount allowed each defendant to $200, we shall afford them ample relief.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by reducing the principal sums allowed therein in favor of P. Goldman and N. Goldman to two hundred dollars each, and that as thus amended the same be now affirmed, said P. and N. Goldman to pay costs of this appeal.