PITCHER ET AL. v. SUTTER MOTOR CAR CO.

(Mar. 28, 1927.   Opinion and Decree.)
(Apr. 25, 1927.   Rehearing Refused.)

*(Syllabus by the Court)*

1. Louisiana Digest—Damages—Par. 3, 27, 31.

An automobile mechanic who engages to repair and deliver an automobile within a specified time, who fails so to do, and refuses to return the automobile notwithstanding repeated demands, and compels the owner to sue for it, is liable in damages.

(See Civil Code Article 2315.   Editor's note.)

Appeal from Civil District Court, Division —.   Hon. Mark M. Boatner, Judge.

Action by Mrs. Edna Pitcher et al. against Sutter Motor Car Company.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

Geo. J. Untereiner, of New Orleans, attorney for plaintiff, appellant.

Wallace A. Nunez, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.   This is a suit by plaintiff to recover possession of her automobile and for judgment for the value of repairs made thereon.

This suit was filed February 19, 1923. Plaintiff alleged that she was the owner of a touring Westcott car; that on November

16, 1922, she delivered her car to the defendant corporation for certain repairs which it agreed to make for $314, and to return the car one week before Christmas; that since that time she has repeatedly made demand for the return of her car without avail; that she' has suffered damage in the sum of $1250 on account of worry and anxiety caused by the defendant's breach of their contract, and $250 for the inconvenience and annoyance of not having her car. She prayed for a sequestration, for possession of her car, and for $1500 damages.

The sequestration issued as prayed for, but the defendant did not deliver the car.

On March 23, 1923, Samuel E. Sutter, alleging that he did business under the name of the Sutter Motor Car Co., filed what he. styled a petition of' intervention and third opposition and averred that he was engaged in the business of repairing automobiles; that he made a contract with the plaintiff by which he was to paint and repair her automobile; that the painting and repairs were done in a workmanlike manner and that the bill amounts to $314 for which he has a privilege on said automobile; that the plaintiff had said car sequestered and it is now in the possession of the sheriff. He prayed for a sequestration and for judgment against Mrs. Pitcher for $314 and $2.50 for recording privilege.

The sequestration issued.

The plaintiff answered the petition of Sutter by denying that he had repaired the car and by reiterating the allegations of her original petition and praying for judgment against Sutter.

The district judge found that the defendant agreed to paint and repair plaintiff's car and to return it before Christmas; that plaintiff did not recover her car until the following March, and then only by bonding Sutter's sequestration. That Sutter constantly refused to' return her car or to tell her where it was. That she even filed an affidavit against him in the criminal court charging him with embezzlement. No money damages were proven, but he fixed the money damages presumed from a violation of the contract at $350. He found that the defendant had agreed to repair and repaint plaintiff's car for $314; but that he did' not do all of it, and that what was done badly done, so that he is not entitled to the whole amount; that' the record does not establish, with any certainty, what is due Sutter. He rendered judgment in favor of plaintiff for $350 damages and for the return of her automobile and non-suited the defendant, Sutter.

Sutter has appealed.

It is not disputed that the judgment in favor of the plaintiff for the automobile is correct.

The judgment in favor of the plaintiff for $350 seems to us excessive. The defendant was in default for not delivering the car only after Christmas, when he had agreed to complete the repairs. The plaintiff recovered her car on March 22, 1923, about three months later than he had agreed.

She was not using that car in any business, nor did the absence of' it cause her any pecuniary loss. Cable vs. John Leeds & Co., 6 La. Ann. 293.

A short time after she recovered possession of her car she sold it. She was therefore deprived only of the pleasure she might have derived from her. car. Her mental anxiety for the annoyance caused to her by defendant entitles her only to nominal damages. She cannot recover vin-

dictive damages. We reduce the damages allowed her to one hundred and fifty dollars.

The only witness to establish the claim of defendant on his reconventional demand is himself. He filed a bill in the following form:

"Repair to Westcott automobile:

"Repair woodwork, straighten chassis, overhaul motor, put in new car gear, new piston pins, and bushings, repair universal joint, put in two new front fenders, new tire rack, new starting crank aluminum cap, new spring bumper, new top with plate glass rear light, recharge battery, recover running boards, paint car, bake 2 rear fenders, fix lights, put new nuts on windshield, new rugs and dress upholstering. Price as agreed $314."

Sutter made affidavit of the correctness of this bill.

Upon the trial of the case, Sutter was the only witness in favor of the bill. He testified that it was correct. He entered in no details as to quality, quantity, or value.

On the other hand, Ross Murphy, plaintiff's son, says that the paint job was not a good one, and that the engine had a knock in it.

Hammond Bailey, a mechanic, examined the car the day after the plaintiff recovered it. He says:

"There was a knock in No. 1 cylinder, the tappets were making a noise, 3 cylinders were loose, as well as the clutch, the tail light was disconnected and out of order, left front wheel bushing, splash shield brakes out of order; adjustment, clutch, grabbing spring too weak, knocks, plates and foot carpet ragged."

Eli Hebert, a bridge and iron worker, says that "the condition of the car after plaintiff got possession of it was not a bit better than when we put it in the shop."

There was no rebuttal of this testimony.

We are of the opinion that the judgment of the District Court in defendant's, Sutter's, reconventional demand is correct.

It is therefore ordered that the judgment in favor of plaintiffs, Mrs. Edna Pitcher, wife of Charles R. Pitcher, and Charles R. Pitcher, be reduced from three hundred and fifty dollars to one hundred and fifty dollars, and, as thus amended, that it be affirmed.

It is further ordered that the judgment against Samuel E. Sutter dismissing his intervention and reconventional demand as in case of non-suit be affirmed.

The plaintiff, Mrs. Pitcher, to pay the costs of appeal and the defendant, Samuel E. Sutter, to pay the costs of the District Court.