**(113 So. 855)**

**No. 26565.**

**DAVIS–WOOD LUMBER CO. v. CANULETTE SHIPBUILDING CO., Inc.**

May 23, 1927. Rehearing Denied July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Logs and logging** ⊚⟿35—Evidence held to show that sunken logs taken from bayou belonged to plaintiff, engaged in sawmill business on banks.

In action for value of logs removed from bayou by defendant, evidence *held* to show that logs belonged to plaintiff, who had been engaged in sawmill business on banks of such bayou for 20 years, rather than defendant, who owned no timber in bayou whatever, as against contention that logs taken had been sunk more than 20 years previous.

2. **Damages** ⊚⟿72—Attorney's fees cannot be allowed for prosecuting suit for damages for taking logs.

Allowance of attorney's fees for prosecuting suit for damages for taking of logs *held* improper, such claim not being proper subject of recovery.

3. **Injunction** ⊚⟿211—Injunction restraining removal of sunken logs, which were in bayou when suit was instituted, held not to prevent removal of obstructions to navigation.

Injunction restraining defendant from removing logs that were in certain bayous and lagoons at time suit was instituted *held* not to prevent defendant from cleaning bayou of obstructions to navigation.

O'Niell, C. J., dissenting in part.

Appeal from Twenty-Sixth District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by the Davis-Wood Lumber Company against the Canulette Shipbuilding Company, Inc. Judgment for plaintiff, defendant appeals, and plaintiff answers the appeal. Amended and affirmed.

L. V. Cooley, Jr., of Slidell, for appellant.

Harvey E. Ellis, of Covington, for appellee.

THOMPSON, J. This is a suit for the value of certain logs after they had been removed from Bayou Lacombe and manufactured into lumber, and for a perpetual injunction restraining the defendant from raising, interfering with, moving, or transporting any logs now in said Bayou Lacombe, on its banks, or in or on any of the bayous or lagoons emptying into said named bayou.

After a trial in which a mass of evidence was introduced comprising two volumes, there was judgment making the injunction permanent as prayed for, and awarding plaintiff $735.46 for the lumber manufactured out of the logs removed from the bayou and for $300 attorney's fees for prosecuting this suit.

In this court the plaintiff has answered the appeal, asking for an increase of the judgment.

It is stated in brief of counsel for the defendant that the only question involved is one of fact, and that is: Has the plaintiff sufficiently established its ownership of the logs taken from the bayou by the defendant to entitle it to recover, and has plaintiff established its ownership of all logs that may now be in the bayou sufficiently to justify the injunction issued?

The plaintiff and its predecessor, John H. Davis & Son, have been engaged in the sawmill business on the banks of Bayou Lacombe for more than 20 years. Other sawmills have also operated on the banks of said bayou. This bayou empties into Lake Pontchartrain, and has been used by the various sawmills for impounding and detaining the logs preparatory to floating or removing them to the mills to be manufactured into lumber. Many of the logs would escape from the booms, and would float away or sink in the bayou. The

sunken logs were designated as deadheads or sinkers. The owners of the various mills having timber in the bayou were constantly engaged in a search to recover and repossess the lost or sunken logs, and this was kept up until the bayou had been cleaned, or practically so, of all timber which had sunk therein. It seems to have been mutually understood between the various millowners operating on the bayou that, when a log was raised or recovered which belonged to some one else, to turn it over to the owner or to pay for it.

The testimony shows that the plaintiff and its predecessor are the only ones who have put any logs in this bayou during the 5 or 6 years prior to the filing of this suit. It is likewise shown that the plaintiff had acquired all outstanding claims of all persons who have operated on said bayous, or who have placed any logs in said bayou, in the past 20 years.

The defendant has never operated on said bayou, has never placed any logs in said bayou, and has never acquired the right from any one to raise any of the logs in said bayou. The defendant built a sawmill at Slidell, on Bayou Bonfouca, but it is conceded that the defendant owned no timber, and had not purchased any, with which to supply its said mill.

However, the idea was conceived by defendant of clearing out the obstructions to navigation in Bayou Lacombe and other navigable streams, and under this guise to get from such streams all timber suitable to be manufactured into lumber, without reference to the ownership of such timber.

To this end the defendant built and specially equipped a barge for raising deadheads and sinkers.

The defendant sought permission from the War Department to excuse or justify its operations, but that department, in a letter under date of January 9, 1922, while not granting special permission, said it would interpose no objections to removing the logs and tim-

bers in Bayous Bonfouca and Lacombe and their tributaries, provided the operations were such as not to interfere with or injure navigation.

"The department can grant no property rights in the timber removed, inasmuch as such rights are matters for adjustment under local laws between the parties removing the logs and those who may claim ownership thereof."

The defendant first operated in Bayou Bonfouca and raised some logs, for which satisfactory arrangements were made with the owner, but was stopped by another owner from removing his logs from said bayou.

The defendant then went into Pearl river and began raising logs belonging to Poitevant & Favre Lumber Company, when it was stopped by an injunction from the federal court.

It then sought to get a supply of timber from the Bayou Lacombe, and after raising some 234 logs, which are the subject of this suit, were stopped by injunction.

It is worthy of note that the defendant does not now claim that it had or has any right to raise and remove any logs from said bayou, and which belong to the plaintiff, under or by virtue of the letter from the War Department.

[1] The main contention seems to be that at least a large portion of the logs that were removed from the bayou have not been shown to be the property of the plaintiff. This contention rests principally upon the suggestion or supposition that the logs were logs that had been sunken in the bayou more than 20 years previous.

The evidence, when considered as a whole, in our opinion does not sustain this contention.

It is established by a fair preponderance of evidence that the bayou had been kept practically free of sunken logs up to say 20 years before defendant began operations.

It is also shown that no one except the plaintiff, or its immediate predecessor, has

put any logs in said bayou for the 6 years prior to defendant's going into said bayou.

And, further, that the plaintiff had acquired all rights to any timber that may have been placed in the bayou by others in the past 20 years.

As between the plaintiff, who is shown to have had logs in the bayou, and the defendant, who must be viewed in the light of a trespasser, and who owned no timber in the bayou whatever, we conclude that the plaintiff has made out its case.

The defendant admits getting 234 logs, which, when sawed into lumber, amounted to 36,773 feet.

The judge allowed $20 per 1,000 feet as the market price.

In the case of Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740, this court held:

"Where plaintiff owned timber, which defendant cut into lumber after a wrongful trespass, plaintiff had the right to claim the lumber on reimbursing the cost of manufacturing, or the value of the lumber less the cost of manufacture."

The evidence shows that the value or the market price of the lumber manufactured out of the logs in question was $28 per 1,000 feet. We assume that, in allowing $20 per 1,000 feet the judge took for granted that the cost of raising the logs and sawing them into lumber amounted to $8 per 1,000 feet.

The defendant makes no complaint on this score.

[2] The district judge improperly allowed $300 as the attorney's fees for prosecuting this suit.

This court has frequently held that the fee of counsel in prosecuting a claim for damages is not a proper subject of recovery. Chapuis v. Waterman, 34 La. Ann. 61; Roos v. Goldman, 36 La. Ann. 132; Manning v. Cohen, 124 La. 870, 50 So. 778.

[3] The defendant complains of the broad and unlimited scope of the injunction, which prevents it from operating altogether in Bayou Lacombe. We do not so understand the judgment.

The defendant is not restrained from cleaning the said bayou of obstructions to navigation, but only from removing logs that were in the bayou or on its banks, or in the bayous and lagoons emptying in Bayou Lacombe, at the time this suit was instituted; the conclusion of the court being that the plaintiff owned all the logs in said bayou at the time, and that the defendant had no proprietary right in or to any of said logs. The injunction does not prevent defendant from otherwise operating in said bayou, either at the present time or in the future.

It is therefore ordered that the judgment be amended, by reducing the amount thereof to $735.46, and, as thus amended, that said judgment be affirmed; the plaintiff to pay costs of this appeal.

O'NIELL, C. J., considers the judgment excessive.