No. 921

First Circuit

MARSLAND v. HUNDLEY ET AL.

(March 8, 1932.  Opinion and Decree.)

Ped C. Kay, of De Ridder, attorney for plaintiff, appellee.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendants, appellants.

LeBLANC, J.  Plaintiff, a negro, was arrested for violating the State Prohibition Law and incarcerated in the parish jail at Lake Charles, La.  The defendants, E. L. Hundley and C. D. Wood, both white, signed his bond, which had been fixed at $300, as sureties, and he obtained his release from prison.  The day following his release he executed and delivered to E. L. Hundley his note in the sum of $400, secured by mortgage on his property situated in the town of De Quincy.  This note eventually was transferred to another party named Grover C. Brown, who foreclosed on the mortgage and had the property seized.  To prevent the sale, plaintiff paid the amount demanded under the seizure, with costs, all of which amounted to the sum of $401.62.

Contending that the note of $400 given by him was without consideration, as it constituted a contract to indemnify the defendants as sureties on a bail bond in violation of a prohibitory law, plaintiff instituted this suit to recover from them the amount he was obliged to pay in order to save his property from seizure and sale, and, in addition thereto, he is claiming the sum of $150 as attorney's fees incurred in the foreclosure suit.  He also asks for other expenses and loss of time incidental thereto and further loss of time from his work on account of being laid up from injuries received in an automobile collision which occurred on one of the trips he made in connection with the case.

Of the $400 represented by the note, $100 was for attorney's fees paid to the attorney employed to represent him in the criminal charge pending against him.  This amount was paid by him, as admitted by defendants.  The other $300, according to

them, represented a sum of $75, which was to be paid to each for money expended by them and for their trouble in securing plaintiff's release from jail. The balance, it is claimed, was for various amounts due by plaintiff to Hundley on grocery bills, and to secure advances to his family during the time that he would be confined in prison. Subsequently it is alleged that the note was sold by Hundley to Wood for $127, and by the latter to Brown for $250. Plaintiff was never tried on the charge pending against him, as the same was nol prossed by the district attorney, and his bail bond was canceled.

The case was tried before a jury, which rendered a verdict in favor of plaintiff in the sum of $576.62. The verdict was made the judgment of the court, and defendants appealed. Plaintiff answered, asking for an increase to the amount originally demanded by him.

We may say at the outset that we are not at all impressed by the testimony tendered in support of the allegations in the answer that these defendants had spent the amounts claimed in obtaining plaintiff's release from prison, nor have they shown that there was any trouble incurred by either of them. Neither can we say that we place any reliance in Hundley's testimony concerning the various amounts due him by plaintiff for grocery bills. The charge slips offered in evidence tend to show that plaintiff paid his accounts regularly. We believe, on the other hand, that the evidence clearly shows that the note was given to protect the defendant Wood as a surety on plaintiff's bail bond. In fact, Wood in so many words admits that he would not have signed the bond without some security to indemnify him. The transfer of the note thereafter, first from Hundley to Wood and from Wood to Brown, appears to be nothing else than a well thought out plan to place the note in the hands of an apparently innocent holder for the purpose of collection. All of this being so, it is plain that the whole transaction was in violation of the provisions of the Criminal Code of Procedure, and was absolutely void. The provision invoked by plaintiff is article 90 of the Code of Criminal Procedure embodied in Act No. 2 of 1928. The article reads as follows

"Any contract made to indemnify any surety against loss on any bail-bond made or to be made by such surety shall be void and any security deposited in connection with such contract shall be forfeited to the State; provided, that this Article shall not apply to surety companies legally authorized to do business in the State."

In this court we do not find the defendants making any serious defense to the issue of nullity of the transaction; their principal effort being directed at a reduction of the amount of the judgment and limiting it to the $401.62 paid by plaintiff to save his property from sale under seizure in the foreclosure suit.

It appears, from the testimony, that the jury allowed plaintiff to recover, in addition to the $401.62, attorney's fees in the sum of $150 and loss of five days from his work at $5 per day.

We are of the opinion that attorney's fees paid for asserting one's right in a court of justice are not recoverable as an item of damages except in certain cases provided for under special statutes or by contract, or on the dissolution by motion of conservatory writs improvidently granted. In the recent case, M. M. Ullman & Co. v. Levy, 172 La. 79, 133 So. 369, 370, the Supreme Court had under consideration a reconventional demand of the defendant for attorney's fees for defending a suit alleged to have been wantonly instituted for the purpose of annoying and

harassing him. After holding that there had been no wantonness or maliciousness shown, the court stated:

"But at any rate, there is neither law nor jurisprudence in this state which allows a defendant to recover attorney's fees for defending a civil suit."

In Meraux & Nunez v. Gaidry et al., 171 La. 852, 132 So. 401, 405, the court said:

"As to plaintiff's demand for $1,000 attorneys' fees, as damages, we also think that it should be rejected. Attorney's fees, as damages, are not ordinarily allowed."

In Davis-Wood Lumber Co. v. Canulette Shipbuilding Co., Inc., 164 La. 301, 113 So. 855, 856, it is stated:

"This court has frequently held that the fee of counsel in prosecuting a claim for damages is not a proper subject of recovery."

Several cases are therein cited.

We see no material difference between the claim for attorney's fees and that for other expenses claimed incidental to the foreclosure suit. In our opinion, the one is no more recoverable than the other. As for those damages claimed resulting from loss of time on account of the automobile accident which occurred on a trip made in connection with the case, we think, besides, that they are entirely too remote to be considered.

All claims, therefore, except the one for $401.62, the amount actually paid by plaintiff to protect his property from sale in the foreclosure suit, will be rejected, and the judgment appealed from will accordingly have to be amended.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by decreasing the amount allowed plaintiff from the sum of $576.62 to the sum of $401.62, and that, as thus amended, it be affirmed.