Arthur Robinson seeks recovery in damages from Anthony Hook, charging that Hook, a furniture dealer who had sold him certain household articles for which payment had not been made, forcibly and without resort to legal process, seized and removed the said furniture from plaintiff's place of residence. He claims that he has been damaged to the extent of $500, $100 of which represents the charge of his attorney for prosecuting this suit, $65 the amount which he had paid on the purchase price of the furniture, and the balance, $335, as compensation to assuage his injured feelings and for embarrassment and humiliation.
Defendant admits the sale of the furniture, the payment on account, and the removal, without legal process, but he avers that plaintiff and his wife consented thereto. He also avers that the removal was effected quietly and without undue obstentation or publicity and that it should have caused no embarrassment or humiliation to plaintiff or to his wife. And defendant especially avers that in no event may the amount paid for attorney's fees, or for which plaintiff may become liable, be considered as an item of damage in a suit of this kind. In a supplemental petition defendant, as plaintiff in reconvention, prays for judgment for the balance due on the purchase price of the furniture.
There was judgment for plaintiff for $265 and defendant has appealed suspensively to this court. Plaintiff has answered the appeal, praying that the judgment be increased to the amount originally prayed for.
Defendant falls far short of showing that any consent was given for the removal of the furniture. Both plaintiff and his wife testified that no such consent was given and there is other evidence corroborating their testimony. It is true that plaintiff's wife took her clothing from some of the furniture which was being removed, but this does not indicate a consent on her part; it merely shows that she wanted to minimize her damage. The record does not justify the conclusion that the consent of the plaintiff, or of his wife, was obtained before the furniture was taken. The finding of the trial court was that no such consent was given. We do not hesitate to say that there is no justification for a reversal of the judgment appealed from.
It is well settled that, where there is such an illegal invasion of the plaintiff's premises and an unlawful removal of any of his possessions, the person responsible is liable. In Lewis v. Burglass, 172 So. 807, 808, we said: "There can be [no] doubt that the jurisprudence of this state is firmly established, beginning with the case of Thayer v. Littlejohn, 1 Rob. 140, that a vendor or transferor of movables, who illegally invades the premises of the vendee and seizes the conveyed property, is responsible in damages."
There are countless other authorities to the same effect.
The actual damage sustained amounts to $65 since that was the sum which had been paid on account of the furniture and which has now been lost by the removal of it.
We think that $200 is a fair allowance for humiliation and embarrassment, though the record shows plainly that there was no undue ostentation or publicity given to the affair. In Lewis v. Burglass, supra, we said: "The quantum of damages, which has been permitted in this type of case, has been not less than $200 or more than $750."
This case obviously belongs in the class of those in which the damage sustained was slight.
We therefore conclude that the amount awarded was correct and should not be either increased or decreased.
Plaintiff's contention that he should be allowed his attorney's fee is without merit. It is well settled in this state that in a damage suit the attorney's fee of the plaintiff is not to be taken into consideration as an item of damage. In *Page 338 
Davis-Wood Lumber Company v. Canulette Ship-building Company, Inc., 164 La. 301, 113 So. 855, 856, the Supreme Court said: "This court has frequently held that the fee of counsel in prosecuting a claim for damages is not a proper subject of recovery. Chapuis v. Waterman, 34 La.Ann. [58] 61; Roos v. Goldman, 36 La.Ann. 132; Manning v. Cohen, 124 La. [869] 870, 50 So. 778."
There are isolated cases here and there in the jurisprudence of this state — most of them very old — in which this rule has been departed from. Two of these cases, Cooper et al. v. Cappel et al., 29 La.Ann. 213, and Gerstner v. Crescent Ice Company, 8 Orleans App. 209, are cited on behalf of plaintiff. The Gerstner case — decided by this court — involved a mandatory injunction as well as a claim for damages, and probably the court took into consideration the fact that the services of the attorney were required to initiate other legal proceedings than the damage suit itself. Whatever may have been the reasons for the decisions in those two cases, they are obviously not controlling now in view of the well-established jurisprudence, of which the Canulette case, supra, is typical.
The judgment appealed from is affirmed, at the cost of appellant.
Affirmed.