Robert W. Hicks and Robert Francois were employed as salesmen of Cobb Whitehead, dealers in secondhand automobiles. Alfred Deboue owned a 1931 Nash Coupe. Francois approached Deboue and persuaded him to exchange his Nash car for a later model. Deboue came to the Cobb Whitehead automobile lot, where their stock in trade is exhibited, and did not find anything that pleased him, whereupon Robert W. Hicks, who was acting in the matter in conjunction with Francois, induced Deboue to go over to the Economy Auto Sales Company, Ltd., the trade name under which Martin J. Gillman operated a competing business. There Deboue saw a 1936 Plymouth car and agreed to pay $350 for it, less an allowance of $70 for his Nash. Gillman, who was out of the City, was represented in the transaction by W.W. Lemonn. The usual sale and chattel mortgage was signed by Deboue and he was allowed to take the Plymouth car. A few days later it was discovered by Deboue that the top of the Plymouth car was leaking and that other repairs were necessary and he brought the Plymouth back to the Gillman establishment for the purpose of having the repairs made, in accordance with an agreement concerning repairs which, according to Deboue, was made at the time the car was purchased. That was the last that Deboue ever saw of the Plymouth or the Nash car, Gillman, contending that Lemonn had acted without his authority, repudiated the transaction and resold the Plymouth, and Hicks, stating that the Nash car plus $20 in cash was given to him by the Economy Sales Company, as a commission, sold it for $17.50.
Deboue being unable to get any satisfaction from either Gillman or Hicks brought this suit against both of them, asking for a judgment of $295, in solido, itemizing his claim as follows:
Value of Nash car ................................... $ 70.00 Damages for illegal seizure and retention of his property ................................... 200.00 Attorney's fees ..................................... 25.00
Hicks did not answer the suit, though he was placed on the stand by the plaintiff. *Page 691 
Gillman answered denying that he had sold a car to Deboue or that Hicks was his agent, averring that Hicks, acting on his own behalf, agreed to buy from him a Plymouth car and "to give in exchange one old Nash for $70.00" and that it was only when the chattel mortgage and bill of sale was presented to him for approval that he learned of Deboue's interest in the transaction, and that he declined to go forward with it because the Finance Company withheld its approval.
There was judgment below in favor of plaintiff in the sum of $70 against both defendants. Gillman has appealed and the plaintiff has answered the appeal asking for an increase in the award to the amount originally prayed for.
Gillman died during the pendency of the appeal and his widow, Doris Donnenfelser Gillman, and his son, Martin J. Gillman, Jr., have accepted his succession and have been made parties to the appeal.
The defense presented by Gillman is not convincing. Lemonn was in complete charge of Gillman's business during his absence. His authority to act within the scope of Gillman's business will be presumed. It is true that the act of sale and chattel mortgage was not signed by Gillman or Lemonn and thus the final step in the transaction was not taken, though in delivering the Plymouth to Deboue it appears that Lemonn was quite satisfied with the trade. The Economy Company allowed $70 for the Nash on the price of the Plymouth. When it repudiated the transaction, which, incidentally, does not seem to have been for the reasons given by Gillman, according to the testimony of Lemonn the Nash should have been returned to Deboue. The explanation that the Nash had been given to Hicks and Francois as a commission is of no interest to Deboue.
It is insisted, however, that if the plaintiff is entitled to a judgment for anything, it cannot exceed $25 because Hicks testified that he sold the car, which he believed worth $25 for $17.50. We do not believe that this statement of Hicks is a proper criterion of the value of the car. Hicks, himself, valued it at $70 when the exchange was made and that amount was allowed on the purchase price of the Plymouth. Deboue cannot be deprived of his automobile and forced to accept an arbitrary estimate of its value.
In regard to the request for an increase in the award so as to include damages for the deprivation of the use of the car and attorneys' fees, we will say, in the first place, that attorneys' fees cannot be allowed. Robinson v. Hook, La.App., 1 So.2d 336; Davis-Wood Lumber Company v. Canulette Shipbuilding Company, Inc., 164 La. 301, 113 So. 855; Chapuis v. Waterman, 34 La.Ann. 58; Roos v. Goldman, 36 La.Ann. 132; Manning v. Cohen,124 La. 869, 50 So. 778. With respect to the other item of damage claimed, we find no authority supporting it. The case of Pitcher et al. v. Sutter Motor Car Company, 6 La.App. 99, is not in point.
For the reasons assigned the judgment appealed from, insofar as the defendant Robert W. Hicks is concerned, is affirmed. As far as Martin Gillman is concerned, it is amended so as to run against his heirs, Doris Donnenfelser Gillman and Martin J. Gillman, Jr. As thus amended, it is affirmed.
Amended and affirmed.