GLADNEY, Judge.
Wallace M. Williamson brought this action to enforce a contract executed by Mrs. E. C. Humphries to indemnify him against loss as a surety on a bail bond for Otis W. Humphries. From a judgment sustaining an exception of no right or *698 cause of action and dismissing the suit, plaintiff has appealed.
Petitioner alleges that on October 4, 1965 the defendant and her son, Otis W. Humph-ries, entered into an agreement whereunder petitioner executed a bond to secure the appearance of Otis Humphries before the City Court of the City of Monroe, and defendant agreed to hold petitioner harmless against any loss and to pay all costs incurred causing the said Otis Humphries to appear before the court. Attached to the petition as security for the obligation is a promissory note executed by Otis W. Humphries and Mrs. E. C. Humphries in the sum of $610. Recovery is sought in the amount of $464. which amount includes ten per cent attorney’s fees. The trial judge in written reasons assigned for judgment held that the alleged contract and note given as surety was a contract prohibited by the laws of this state and cites in support thereof Article 90 of the Code of Criminal Procedure, LSA-R.S. 15:90 providing:
“Any contract made to indemnify any surety against loss on any bail-bond made or to be made by such surety shall be void and any security deposited in connection with such contract shall be forfeited to the state; provided, that this article shall not apply to surety companies legally authorized to do business in the state.”
[LSA-R.S. 15:90]
(This article has been repealed by the new Louisiana Code of Criminal Procedure [Acts 1966, No. 310] which became effective January 1, 1967. The new statute provides in Art. 332 “A contract to indemnify a surety against loss on a bail-bond is valid and enforceable.”)
Article 90 of the former Code of Criminal Procedure (Acts 1928, No. 2) was given application in the case of Marsland v. Hundley, 19 La.App. 226, 140 So. 45 (1st Cir. 1932) wherein it was held that the maker of a note and mortgage given to protect the surety on the maker’s bail-bond could not recover from the surety indemnity for losses and for attorney’s fees incurred. The note so given by the surety was held to be void.
A further contention of appellant is that as he is the assignee, agent and sub-rogee of the New Orleans Bail Bonding Company and of The Summit Fidelity & Surety Company, he is excepted from the effect of the statute. It is correctly pointed out, however, that nowhere in the pleadings and amended petition is this fact alleged, and that all evidence tendered for the purpose of proving this fact was objected to and properly excluded.
We find no error in the judgment complained of, and it is affirmed at appellant’s cost.