### No. 202.

### H. L. FOX & CO. vs. JOHN R. JONES.

Plaintiffs, having sold a locomotive to defendant at a price of $2000, subject to latter's right to reject it after trial, defendant did reject it. Agreement then made that defendant should further use the locomotive for twelve days, at end of which he was either to deliver it or pay the price. He afterwards refused to do either and held and used the locomotive. Plaintiffs claim damages for tortious conversion in the value of the locomotive fixed at a higher amount than the price originally agreed. Case was tried by jury on this issue, plaintiffs asserting value to be greater and defendant asserting it to be less than the price. Jury found for greater sum. Held: that defendant having abandoned the sale and sought to reduce his liability below the price, cannot now set up the price as the measure of his debt. Had the jury found a less amount, the plea would not have been heard.

Plaintiffs are not entitled to special damages for attorney's fees in this suit and amendment to that effect refused.

The verdict of the jury, being based on their estimate of conflicting evidence and being expressly approved by the judge, will not be disturbed.

APPEAL from the First District Court, Parish of Caddo. *Hicks*, J.

*Land & Land* for Plaintiffs and Appellees.

*Wise & Herndon* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. There is no dispute as to the following facts, viz:

Plaintiffs sold to defendant a second-hand locomotive engine at the price of $2000, subject, however, to trial and rejection if not found sat-

isfactory. The engine was shipped to and received by defendant, who, after trial, rejected it, but, at the same time, requested the use of it for twelve days longer as a compensation for delay, etc., binding himself to turn it over to plaintiffs at end of that term or to pay for it, which proposition was accepted. At the expiration of the term defendant refused either to surrender the locomotive or to pay for it·

After putting him in default, plaintiffs brought his action by an original petition asking judgment for the return of the locomotive with damages, or for the price. Subsequently and before answer they amended their petition, alleging the tortious conversion of the property and claiming damages in $2600 as the value of the engine and $250 as special damages for attorney's fees in this suit.

Defendant, at first, filed an answer of general denial, which he subsequently amended by an offer to return the locomotive and to pay a full price for its use.

No exception or objection was made to the amended petition of plaintiffs, and the case was tried on the issue of tortious conversion and the measure of damages in the value of the property. On defendant's prayer, the trial was before a jury. Evidence was taken *pro* and *con* as to the value of the locomotive, plaintiffs' witnesses estimating it as high as $2500, while defendant's placed it as low as from $1000 to $1500. The jury found a verdict for $2,361.61, for which judgment was rendered.

Defendant assails the judgment on two grounds:

1st. He claims that he is bound only for the stipulated price of the engine, viz: $2000. We think it is too late for him to take this position. He voluntarily abandoned his conditional contract of sale, accepted the issue of conversion, and the value of the engine as the measure of damages. Had the jury followed the estimates of his witnesses and found a value less than the stipulated price, we should not have heard this plea from him, and we cannot listen to it now.

He attacks the verdict as excessive. Ordinarily the price at which plaintiffs had sold the property might be taken as a binding valuation thereof by themselves. But reasons are given why the price stipulated turned out to be less than the value at the time of sale and why the value had subsequently advanced.

The evidence as to the value was conflicting; the finding of the jury is fully supported by plaintiffs' evidence to which the jury evidently gave credence. It is supported by the approval of the judge expressed in his reasons for refusing the new trial. We find no grounds

justifying us in disturbing it, and considering the illegal and high-handed course of defendant, we have no inclination to do so.

The judge did not err in charging the jury that the claim for attorney's fees as special damages was untenable and the amendment in that respect asked by plaintiffs is denied. Chapuis vs. Waterman, 34 Ann. 58; Roos vs. Goldman, 36 Ann. 132; Chamberlain vs. Worrell, 38 Ann. 348.

Judgment affirmed.