(50 South. 778.)

No. 17,508.

MANNING v. COHEN.

(Nov. 15, 1909. Rehearing Denied Dec. 13, 1909.)

1. SPECIFIC PERFORMANCE (§ 129*)—DAMAGES —ATTORNEY'S FEES.

Attorney's fees are not recoverable as part of the damages in a suit for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 420–423; Dec. Dig. § 129.*]

2. SPECIFIC PERFORMANCE (§ 129*)—SCOPE OF RELIEF—DAMAGES.

Rev. Civ. Code, art. 1926, provides that on the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the succeeding section, and article 2486 declares that in all cases the seller is liable to damages if there result any detriment to the buyer occasioned by nondelivery at the time agreed on. *Held*, that the vendee was not required to elect between specific performance and damages, but was entitled in a suit for performance to recover damages.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 420–423; Dec. Dig. § 129.*]

3. SPECIFIC PERFORMANCE (§ 129*) — RELIEF DEMANDED—DAMAGES.

Where, in a vendee's suit for specific performance, it appeared that on the vendor's refusal to perform the vendee retained the cash payment, he was entitled to recover as damages the amount of rents lost to him during the period when he was entitled to possession under the contract, less the interest on the payment retained.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 420–423; Dec. Dig. § 129.*]

Appeal from First Judicial District Court, Parish of Caddo; A. J. Murff, Judge.

Specific performance by D. T. Manning against Heyman Cohen. Judgment for plaintiff for less than the relief demanded, and he appeals. Modified and affirmed.

Blanchard, Barret & Smith, for appellant. John B. Files, for appellee.

PROVOSTY, J. This suit is for specific performance of a contract of sale of real estate, and for damages alleged to have been suffered from defendant's failure to perform the contract. The damages consist of the rents of the property and of attorney's fees for bringing this suit; the rents being those from the 31st of July, the day on which the defendant was put in default by the formal tender of a deed for him to sign accompanied by an offer of payment, to the date of delivery of possession.

Defendant answers that he has been willing and ready all along to perform the contract. We think the evidence shows differently.

Attorney's fees cannot be recovered in a

case of this kind. Fox v. Jones, 39 La. Ann. 929, 3 South. 95; Ross v. Goldman, 36 La. Ann. 132.

But we do not agree with our learned Brother below that the vendee must elect between suing for specific performance and suing for damages; and that, if he chooses the former, he cannot claim damages. Articles 1926, 2486, Rev. Civ. Code, are express to the contrary. 24 Laurent, Vente, No. 180, p. 178, says that the vendee is entitled to the damages "in all cases; that is to say, whether he sues for the resolution of the contract or for specific performance." And indeed, it stands to reason that, as announced by article 1930, a party who violates his contract is liable for the damages which his default has caused the other party. In the instant case, if plaintiff were to be given nothing more than the property itself, after having been kept out of it for one year and lost the rents of one year; he would not be given the full measure of his rights under the contract; and defendant, on the other hand, would be profiting that much from his own default and wrong. Plaintiff is entitled to these rents, less, however, an amount equal to legal interest for the same period on the $200, which, with the $50 actually paid, was to constitute the cash payment. Not having deposited said amount, but retained and enjoyed it, plaintiff must pay interest on it.

It is ordered, adjudged, and decreed that the judgment appealed from be amended by condemning defendant to pay plaintiff damages at the rate of $113 per month from July 31, 1908, until the date of the delivery of the property in controversy, less 5 per cent. per annum interest from July 31, 1908 on $200, the said $200 being that part of the purchase price of said property which was to have been paid cash, and was not paid, until the payment of said $200, and that said judgment be in all other respects affirmed, defendant to pay all costs.