## HURT v. HOMMEL.   (No. 8664.)

(Court of Civil Appeals of Texas.   Dallas.
April 15, 1922.)

1. **Chattel mortgages ⊘⇒68—Evidence held to support jury's finding that parol chattel mortgage did not exist.**

Evidence *held* sufficient to support the jury's finding that a parol chattel mortgage, possession of the property alleged to be covered by which was obtained by writ of sequestration, did not exist.

2. **Tender ⊘⇒16(2)—Sufficiency of tender by check immaterial, where payment not declined because of form of tender.**

The sufficiency of a tender by check was immaterial, where payment was declined because of a contention as to the amount of indebtedness, and would have been declined as full settlement thereof no matter what form of tender was made.

Appeal from Dallas County Court; F. G. Hammon, Judge.

Action by R. M. Hurt against A. Hommel. Judgment for defendant, and plaintiff appeals. Affirmed.

N. G. Turney, S. S. Sibley, and P. H. Kveton, all of Dallas, for appellant.

J. T. Kelly and Ed B. Freeman, both of Dallas, for appellee.

HAMILTON, J. Appellant instituted this suit for the recovery of $175, with interest thereon at the alleged contract rate of 8 per cent. per annum, for the foreclosure of a landlord's lien and for the foreclosure of a chattel mortgage lien on two mules. A writ of sequestration was obtained, and by virtue of .it appellant acquired possession of the property pending the litigation.

It was alleged that appellant sold the mules to appellee for the sum of $375; that $200 was paid in cash and $175 was to be paid on the 1st day of October, 1920. It was alleged that appellee agreed to execute a promissory note for the balance of $175, to be paid, as aforesaid, on the 1st day of October, 1920, together with 8 per cent. interest, and also agreed to execute a chattel mortgage on the two mules to secure the note. The relation of landlord and tenant was alleged as existing between the parties at the time the sale was made, and that the mules were sold to appellee to be used in cultivating and gathering the crop to be raised on the premises during the year 1920.

Appellee answered, joining issue upon the petition, alleging that he had tendered the unpaid balance of the debt, tendered it into court, and, by cross-action, sought recovery for damages against appellant upon the sequestration proceedings.

The case was submitted to a jury upon special issues, and the findings of the jury

were to the effect that appellee did not agree to pay appellant the sum of $175, with interest at .the rate of 8 per cent. per annum from the date of the sale of the mules, that no chattel mortgage existed by reason of parol agreement as alleged by appellant, that the writ of sequestration was wrongfully sued out as contended by appellee, and that by reason of it appellee suffered damages in the sum of $225. From the judgment entered upon such findings of the jury this appeal is prosecuted.

Finding no reversible error of procedure in the case, we are of the opinion that it presents for our consideration only the proposition of whether or not the judgment is sufficiently sustained by the facts to require that we affirm it.

All the issues of fact were sharply controverted. The proof offered in behalf of appellant was to the effect that appellee at the time of the trade agreed to execute a chattel mortgage for $175, to bear interest at the rate of 8 per cent. per annum, and that when demand for payment was made it was declined, as a result of which the suit was instituted. On the other hand, the evidence in behalf of appellee was to the effect that when the trade was made there was no agreement that a mortgage was to be executed, and that there was no agreement that a parol mortgage should exist against the mules to secure the debt, and that the balance to be paid was $175 and no more, which was to be paid some time in the fall of 1920; no specified date being indicated.

[1] The evidence in behalf of appellee was to the further effect that after demand for payment was made appellee drew a check for $175, and through his son-in-law tendered it to appellant before the suit was filed, appellant declining to accept it, and that he followed his action in refusing to accept the check by filing suit within a day or two thereafter and sequestering the property. The ground upon which the sequestration was sought, as disclosed by the affidavit therefor, was the existence of a parol chattel mortgage. The finding of the jury to the effect that it did not exist is, as stated, supported by testimony given in behalf of appellee.

[2] There was testimony in behalf of appellee of facts disclosing the nonexistence of any ground upon which to base the writ of sequestration. Appellee paid into the registry of the court after the suit was filed $175, the amount he claimed he owed appellant.

Appellant questions the sufficiency of the tender made by appellee, in that the claim of appellee was that the tender was by check, and that for this reason the offer did not constitute a legal tender. However, this is rendered immaterial because the record discloses that payment was not declined because of the form of the tender, but because of the

contention made by appellant as to the amount of the indebtedness, and the record, as a whole, establishes that the payment would have been declined as full settlement of the indebtedness no matter in what form the tender might have been made.

An examination of the entire record reveals no reversible error, and accordingly the judgment of the court below will be affirmed.

Affirmed.