## No. 2297
### Second Circuit

---

## ABELES & CO. v. ROBINSON-SLAGLE LUMBER CO.

---

(April 8, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Obligations—Par. 160, 162.**

If the promissor has made default in performance, with respect to the time thereof, and the promisee subsequently permits or urges him to continue performance, or accepts performance thereafter, or accepts payments made in performance, or otherwise treats such contract as still in force, such breach is waived.
Page on Contracts, Sec. 1502, page 2312.

2. **Louisiana Digest—Obligations—Par. 160, 162.**

Where the buyer has waived seller's breach of contract in delaying to make shipment, by accepting performance after default in respect to the time thereof, buyer could not thereafter recover for such breach of contract, where the seller had not further breached the contract after such waiver.
Tremont Lumber Co. vs. Robinson Lumber Co., 160 La. 254, 105 South. 101.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Charles T. Abeles & Company against Robinson-Slagle Lumber Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dimick & Hamilton, of Shreveport, attorneys for plaintiff, appellee.

F. C. Thatcher, of Shreveport, attorney for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J. ·Plaintiff sued defendant to recover $316.00 with legal interest thereon from November 1, 1923, until paid, as the price of certain doors sold and delivered by it to defendant.

Defendant admitted the purchase and delivery, but alleged that the price was f.o.b. Shreveport; that the transportation charges on the shipment were $14.92; that it had paid this amount to the carrier and was entitled to credit therefor on the account sued on.

And, assuming the character of plaintiff in reconvention, it claimed damages in the sum of $125.00 with legal interest thereon from October 1, 1923, until paid, for alleged breach of contract in time of delivery on the part of plaintiff.

It avers that plaintiff contracted to ship the doors on September 15, 1923, and did not ship them until October 6, 1923; that it sold and contracted to deliver the doors not later than October 1, 1923, and that, owing to plaintiff's failure to ship promptly, it was unable to make delivery to its own customer within the time promised, and thereby its customer incurred damages in the sum of $125.00, which defendant had paid.

Plaintiff entered a remittitur for the $14.92, thus reducing the amount of its claim to $301.08.

On trial in the District Court judgment was rendered in favor of the plaintiff for $301.08 with legal interest thereon from October 1, 1923, until paid, and defendant appealed.

## OPINION

The credit of $14.92, freight charges, claimed by defendant having been allowed, the only matter remaining for decision is defendant's claim for $125.00 damages sustained by it through plaintiff's failure to deliver the doors within the time contracted.

Plaintiff contends that defendant waived its breach of contract and consequently any claim for damages resulting therefrom by demanding and accepting delivery of the doors from it after expiration of the time for their delivery.

According to the contract the doors were to have been shipped on September 15, 1923.

On September 19, 1923, four days after time for shipment had passed, defendant wrote plaintiff:

"Some time ago we placed with you an order for some veneered doors which on more than one occasion you advised positively you would ship on September 15.

\* \* \* \*

"Not only · is there a financial loss to our customer but he also feels that we have not done our duty as he placed the order with us in good faith to be delivered to him on time long before the first of October, and we feel we are going to lose one of the best customers the writer has ever had and one who has been a con-

stant customer of his for the past twenty-five years, and we are going *to ask as a special favor of your Mr. Abeles to see that these doors are rushed through without any further delay.*"

(Italics ours.)

On September 28, 1923, plaintiff wrote defendant:

"* * * We have finally decided to manufacture these doors in our own mill—in fact, we have already begun working on them. We realize that same have been unduly delayed, and, therefore, your order is given preferred attention over any orders on our books and will be completed the latter part of next week. * * *"

To this letter defendant replied on October 1, 1923:

"* * * Would be pleased to have you advise us by return mail whether or not we may place any dependence in your promise to ship on October 6th. In order that there there may not be any delay, kindly ship this car via Mo. Pac., care T. & P., which is the most direct route."

On October 2, 1923, plaintiff wired defendant:

"Will ship veneered doors Saturday without fail. In order that there can be no mistake please mail us copy of detail today to check our working sketch. Important."

And on October 4, 1923, plaintiff wrote defendant:

"We are in receipt of your letter dated October 1, in reference to your order for veneered doors, and wish to state that you can rely on our promise for shipment by Saturday, October 6th. This order has been given preference over all others in our mill, as we realize that we are in somewhat of a predicament due to the fact that we could not secure them from our factory connection. We are going to give you immediate shipment on Saturday and will follow through to destination, as we appreciate that you are in urgent need of same."

The doors were delivered to the carrier for transportation to defendant on October 6, 1923, and were delivered to the defendant by the carrier on October 13, 1923.

Defendant having, after September 15, 1923, urged delivery, as shown by the letters and telegrams quoted from, and having accepted delivery from the carrier on October 13, 1923, it thereby waived plaintiff's breach of contract to deliver on September 13, 1923, and cannot recover damages for the breach.

"Where buyer had waived seller's breach of contract in delaying to make shipment, buyer could not thereafter recover for such breach of contract, where seller had not further breached the contract after such waiver."

Tremont Lumber Co. vs. Robinson Lumber Co., 160 La. 254, 105 South. 101.

For the above reasons it is ordered, adjudged and decreed that the judgment appealed from be affirmed.