## PUCKETT v. HOOVER et al.
### No. 5746.

Court of Civil Appeals of Texas. Amarillo.
Oct. 28, 1946.

Rehearing Denied Dec. 2, 1946.

Morgan, Culton, Morgan & Britain, of Amarillo, and Boyer, McConnell & Hankins, of Perryton, for appellant.

Hoover, Hoover & Cussen, of Canadian, for appellees.

BOYCE, Justice.

The appellees, Ed Hoover, Jr., and Evaleen Henson, a single woman, brought this suit as plaintiffs against appellant, L. H. Puckett, as defendant, for the purpose of quieting title to a one-half interest in the minerals in a section of land in Lipscomb and Ochiltree Counties. The appellant in turn sought to quiet title in himself to a one-fourth interest in the minerals in the same section. The case was tried by the court without a jury. Judgment was rendered in favor of appellees, quieting their title to one-half of the minerals in the land and denying any relief to appellant.

At the request of the appellant, the trial court filed findings of fact and conclusions of law. The findings of fact, which are supported by the evidence, are substantially as follows:

On July 2, 1945, the appellees, as grantors, executed and handed to appellant a deed to an undivided one-half interest in the minerals in the section of land. Contemporaneously, the appellant executed and handed to appellees a draft reading as follows:

"Amarillo National Bank

"On or before 30 days from date and approval of title as full consideration for one half minerals under Sec. 470, H. & T. C. Ry. Co., Block 43,

"Amarillo, Texas,
"July 2, 1945

"Pay to the order of Ed Hoover, Jr., and Evaleen Henson, $1850.00, Eighteen Hundred Fifty and No/100 Dollars.

"To L. H. Puckett,
"Amarillo Nat'l Bank,
"Amarillo, Texas.
            "(Signed)  L. H. Puckett."

The exchange of the deed and the draft constituted one transaction. At that time appellees owned but one-fourth of the minerals in the land. The appellant did not approve the title to the minerals within thirty days from July 2, 1945, and the time for approval was never extended beyond that time. At the time the transaction occurred, all parties believed that the appellees owned an undivided one-half interest in the minerals in the land. They contracted with respect to the purchase and sale of an undivided one-half interest in the minerals in the section of land and with respect to no other interest; the appellees would not have entered into the contract had they known that they owned but one-fourth of the minerals. On October 1, 1945, the appellant, without the knowledge and consent of the appellees, filed the mineral deed for record in Lipscomb County. When he filed the deed for record, the appellant had not approved the appellees' title to one-half of the minerals and had not accepted such title. At the time of the trial the appellant had paid into the registry of the court the sum of $925.00 with instructions to the clerk that the same be paid to appellees for an undivided one-fourth interest in the minerals in the land. Although not found by the court, it is undisputed that appellant, on July 3, 1945, discovered that appellees owned an undivided one-fourth interest only in the minerals and so informed them on that date.

The court's conclusions of law are summarized as follows:

The exchange of the deed and the draft created a contract between the parties and no title passed either to the minerals or to the draft by virtue of the exchange. The intention of the parties in granting appellant manual possession of the deed was that he should have possession pending his determination of whether he would accept the title and not with the intention of creating a conveyance of the minerals at that time. The filing of the deed for record did not pass title to appellant but cast a cloud on appellees' title to the minerals which they did own in the land. The appellant was not entitled to take title to the minerals which appellees did own and appellees

were, therefore, entitled to removal of the cloud cast by recording the deed. Appellees were not estopped by deed to assert that they did not have title to one-half of the minerals in the land. The mutual mistake of the parties in believing that appellees owned a half interest in the minerals at the time the exchange of the deed and draft occurred was material.

Appellant's first point of error attacks the trial court's holding that the grant to appellant of manual possession of the deed did not convey to him appellees' undivided one-fourth interest in the minerals in the land. In making this contention, appellant ignores entirely the other part of the transaction in which he handed to appellees his draft. This draft recited that it was the full consideration for the interest described in the deed and its payment was conditioned on appellant's approval, within thirty days, of the title to the minerals. We think the trial judge properly held that the two instruments must be construed together. Schoellkopf v. Bryan, Tex.Civ.App., 284 S.W. 339, 342, writ of error refused. He properly held that the instruments and their simultaneous exchange exhibited the intention of the parties that the deed was handed to appellant for the purpose of placing it in his possession pending his decision to accept it. The acceptance was conditioned upon his approval of the title. The handing of a deed to a grantee for retention by him, pending his determination to accept it, does not constitute delivery. Capps v. Edwards, Tex. Civ.App., 180 S.W. 137, 140; Imes v. Mac-Donald, 113 Cal.App. 427, 298 P. 173, 176; Thompson on Real Property, Vol. 7, Page 609, quoted from in Bell v. Rudd, Tex.Sup., 191 S.W.2d 841, 843.

The first point of error is, therefore, overruled.

The second point of error complains of the admission of parol evidence of the intention of the parties in exchanging the deed and draft. This point is not tenable because the case was tried before the court without a jury and, independent of the testimony complained of, the evidence was sufficient to warrant the conclusion of the court. J. M. Huber Petroleum Co. v. Quillin, Tex.Civ.App., 60 S.W.2d 261, 263, writ of error refused.

By his fourth point of error, the appellant urges that the court erred in excusing appellees from performance and in rescinding the contract at their instance, because of the mutual mistake of the parties in believing at the time the transaction was entered into that appellees owned an undivided one-half interest in the minerals. The vendor is ordinarily presumed to know the quantity, character and quality of the land which he owns and offers for sale. Mitchell v. Zimmerman, 4 Tex. 75, 80, 51 Am.Dec. 717; Mason v. Peterson, Tex.Com. App., 250 S.W. 142, 145; Evans v. Renfroe, Tex.Civ.App., 170 S.W.2d 636, 642, writ of error refused for want of merit. The evidence indicates that the appellees had at one time owned an undivided one-half interest in the minerals and had conveyed, prior to the transaction with appellant, one-fourth of them to a third party. Certainly, appellant was not responsible for appellees' mistake in believing that they owned one-half of the minerals in the land and appellant should not be penalized for appellees' forgetfulness. Appellant had the right to have the contract enforced to the extent that appellees could perform, with a corresponding abatement in the purchase price. Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 458, 148 A.L.R. 555. We, therefore, conclude that the trial court erred in holding that because the parties had contracted with reference to one-half of the minerals the appellant could not elect to take and pay for one-fourth of them upon the failure of appellees' title to the other fourth.

In his Sixth point of error, the appellant complains that the trial court erred in not quieting title in him to one-fourth of the minerals. Since we have already held that there was no delivery of the deed, appellant, at most, had a right to have the contract enforced as to the minerals which appellees owned. The case does not appear to have been tried on that theory and the evidence bearing on it was not fully presented. There is a sharp conflict in the testimony as to what happened between the time the appellant notified ap-

pellees of the defect in their title and the time of the filing of the suit. Appellees alleged that the parties had abandoned the contract and introduced evidence to the effect that when appellant informed them of the failure of their title he "called the deal off", told them not to cash the check and did not communicate with them for three months thereafter; that when he did see appellees he proposed to take and pay for one-fourth of the minerals; that appellees refused this proposal. The appellant's testimony in this connection is that after he notified appellees of their defective title they undertook to cure it and nothing was done toward closing the trade pending their efforts; that when it became apparent that appellees could not cure the title, appellant then elected to take and pay for the minerals which appellees owned. We cannot in this case presume in support of the trial court's judgment the correctness of appellees' version of the transaction. This is because the trial court refused to make a finding at appellees' request that appellant "called the deal off" and notified them not to cash his check when he discovered that appellees owned but one-fourth of the minerals. The fact issue of abandonment of the contract not having been resolved by the trial court, we believe a new trial is necessary. The Sixth point is overruled.

What we have said disposes of the controlling points of the case and no useful purpose would be served by discussing the remaining points which will probably not arise on another trial.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for another trial.