## GROSSMAN et al. v. LIEDEKER et al.

### No. 11694.

Court of Civil Appeals of Texas.
San Antonio.

April 23, 1947.

Rehearing Denied May 21, 1947.

Oscar Spitz and Frank Onzon, both of Corpus Christi, for appellants.

Kleberg, Eckhardt, Mobley & Roberts, of Corpus Christi, for appellees.

MURRAY, Justice.

This is a suit for specific performance of a contract to convey real estate.

The contract was entered into on the 16th day of January, 1945, between Ed Grossman

and Simon Grossman as vendees and Morris Liedeker as vendor. The material parts of the contract read as follows:

"Witnesseth:

1. That Vendor, for the consideration and upon the terms hereinafter set out, hereby sells and agrees to convey unto Vendee by General Warranty Deed, the following described property situated in Nueces County, Texas, to-wit:

The West Ninety-Five (W 95) feet of lot Ten (10), Block Thirty-Four (34), Bluff Portion to the City of Corpus Christi, Nueces County, Texas.

2. The purchase price 'is Six Thousand ($6000.00) Dollars, which the Vendee agrees to pay Vendor as follows: All cash, to be paid when deed to said land is executed and delivered to Vendee, as hereinafter set out.

It is understood and agreed that Vendor shall receive $6000.00 net except for the proration of taxes and rents. Vendor agrees to furnish Warranty Deed and Federal Revenue Stamps only. Vendee agrees to pay for Title Policy as provided in Par. 3 herein.

3. Vendor agrees to furnish Vendee a policy of title insurance to be issued through the National Abstract and Title Company of Corpus Christi, Texas, in the usual and customary form, which policy shall be issued immediately upon the closing of this deal, and filing of Vendee's deed for record. If upon examination of the title by the National Abstract and Title Company, any objections are raised, the Vendor shall have a reasonable length of time to cure said objections. In the event of failure to cure such objections, then the earnest money hereinafter receipted for shall be returned to Vendee and his contract shall be null and void or Vendee may enforce specific performance of this contract. The opinion of the National Abstract and Title Company shall be deemed conclusive of validity of title.

4. Seller agrees upon approval of said title for title insurance by said National Abstract and Title Company, to deliver a good and sufficient general warranty deed drawn in accordance with the provisions of this contract, properly conveying said property to said Vendee, and Vendee agrees thereupon to make the cash payment * * *.

5. All taxes to be paid up to and including 1944.

6. All Current Insurance, Rents, Taxes And Interest, If Any, Shall Be Prorated To Date Of Closing.

7. Purchaser has this day deposited with the National Abstract and Title Company the sum of Six Hundred ($600.00) Dollars as earnest money hereunder to be applied on the cash payment above set out when deal is closed, as which time the balance of cash consideration shall also be paid. Should the Vendee fail to consummate this contract as herein specified for any reason, except title defects, Vendor shall be entitled to receive said cash deposit as liquidated damages for the breach of this contract, or he may at his option enforce specific performance hereof. Should he elect to accept said earnest money as liquidated damages, then he shall pay therefrom any commission due the real estate agent (if any) making this sale, not to exceed, however, 50 percent of such money.

8. R. G. Allen is the Real Estate agent making this sale and shall be due commission on closing from Vendee.

9. Possession of said property shall be given on closing subject to tenants.

10. It is understood by all parties hereto that time is the essence of this contract and that this deal is to be closed through the National Abstract and Title Company on or before 20 days from this date.

Executed in triplicate, either copy of which shall constitute an original, on this the 16th day of January, A. D. 1945.

(Signed)  Ed Grossman
"  Simon Grossman
Vendees

(Signed)  M. Liedeker
Vendor.

The National Abstract and Title Company hereby acknowledges receipt of the earnest money above mentioned and agrees to execute this trust for both parties hereto. Dated Jan. 17, 1945.

National Abstract and Title Company
By A. M. Siler"

The trial was before the court without the intervention of a jury and resulted in judgment denying to plaintiffs specific performance of this contract. Simon Grossman and Ed Grossman have prosecuted this appeal.

Some few days after the signing of this contract Morris Liedeker remembered that Morris 5¢ to $1 Stores, Inc., a corporation, 50 per cent of the stock of which belonged to him and his wife, had a five-year lease upon a warehouse on the back end of the lot for a period of five years, with the right of renewal, a fact he had forgotten about at the time the contract was signed. This lease was not of record but was in writing. This corporation was made a party to the suit, as well as the National Abstract and Title Company.

The trial court found, among other things, that the vendees failed to tender the consideration of $6,000 within the time provided in the contract. The vendees deposited a $600 check with the National Abstract and Title Company, as earnest money, at the time the contract was signed. Under the provisions of the contract it was to be closed not later than February 5, 1945. On January 29, 1945, vendees deposited with the abstract company their check in the sum of $5,400, and asked Eli Lipner, who was general manager of the National Abstract and Title Company, to go ahead and close the deal. The check was good and would have been paid at any time it might have been presented to the bank. Eli Lipner did not close the deal because the vendor had told him not to do so unless vendees acknowledged the validity of the lease on a part of the property held by the Morris 5¢ to $1 Store No. 2, Inc., and further he wanted an easement over certain property owned by vendees. No objection was made by any one because a check was tendered instead of the cash. Theretofore, on January 23, 1945, Eli Lipner had called Simon Grossman in Dallas, Texas, and asked him what he intended to do about the lease. Grossman advised Lipner to get Liedeker to sign the deed to the property and, that upon his return to Corpus Christi he would work out the matter. Thereupon the vendor, Liedeker, executed the deed to the property in question and left it with Lip-

ner, with instructions not to deliver it until vendees recognized the lease to the Morris Stores.

The contract expressly provided that the National Abstract and Title Company was to close the deal for the parties. When this closing agency accepted the two perfectly good checks from the vendees, without any objection, the checks became a legal tender of the purchase price and vendor will not thereafter be heard to complain because the cash was not tendered. Taylor v. Hemphill, Tex.Civ.App., 238 S.W. 986; Hurt v. Hommel, Tex.Civ.App., 240 S.W. 632; Eureka Producing Co. v. Hoyt, Tex. Civ.App., 266 S.W. 203.

It is true that the contract provides that the vendees agree to pay to the vendor the the purchase price of $6,000 in cash, but this provision cannot be construed as being in conflict with the provision that the deal is to be closed through the National Abstract and Title Company. It is nothing more than a provision as to who is ultimately to receive the purchase price of $6,000.

The trial court further based his conclusion that a legal tender had not been made upon the proposition that vendees had not kept good their tender, in that they had not paid into the registry of the court the amount of the purchase price. In this the court was in error. A suit for specific performance of a contract to convey land is an equitable proceeding and, ordinarily, the money tendered need not be paid into court upon the filing of the petition, but an offer to do equity and to perform such decree as the court may enter is sufficient. 40 Tex. Jur. 850, par. 12; 38 Tex.Jur. 715, par. 44; Regester v. Lang, Tex.Com.App., 49 S.W. 2d 715.

It is apparent that the contract did not provide that vendor was to be given an easement over property belonging to vendees, and that in demanding such an easement vendor was making a demand not provided for in the contract. Taylor v. Kaufman, Tex.Civ.App., 267 S.W. 526. Likewise, when vendor demanded that vendees recognize a lease held by Morris 5¢ to $1 Stores on a part of the property contracted to be conveyed, he was again making a demand he did not have a right to

make under the contract. The contract provided that vendor should convey to vendees, by General Warranty Deed, the West Ninety-Five feet of Lot Ten, Block Thirty-Four, Bluff Portion to the City of Corpus Christi. This called for a conveyance of the property free from any encumbrances. 44 Words and Phrases, Perm.Ed., page 694. It is true that the contract contains another provision that possession of the property should be given on closing, subject to tenants, but this provision could not be stretched to such an extent that vendees could be required to recognize an unrecorded lease for an inadequate consideration, for five years with the privilege of renewal, when they had no knowledge of the lease prior to the signing of the contract. Pomeroy on Specific Performance. of Contracts (3d Ed.) p. 916, § 443; Eppstein v. Kuhn, 225 Ill. 115, 80 N.E. 80, 10 L.R.A., N.S., page 119.

■ Furthermore, such a provision in a contract is for the protection of the rights of the tenants and does not inure to the vendor. It was up to vendor to give possession of the property to vendees, and then the rights of the tenants would become a matter between vendees and such tenants.

■ It is clear that vendees had performed all the obligations placed upon them by the contract and were entitled to a general warranty deed to the property in question. Vendor having refused to perform his part of the contract, vendees should have been awarded a decree calling for specific performance of the contract.

■ The trial court erred in finding that there was an abandonment of the contract by vendees when they tried, in various ways, to persuade vendor to perform the contract. They gave an easement in the form of a letter, over certain property which had been demanded by vendor, and left this letter with the Abstract Company. Finally, in May, 1945, after the expiration of the closing time, vendees offered to meet all demands of vendor, Liedeker, but were informed by him that he had already called the deal off. Such offer by vendees to do more than was required of them in order to persuade vendor to perform the contract, did not constitute an abandonment of the contract by them. To constitute abandonment of a contract by conduct, the acts relied on must be positive, unequivocal and inconsistent with the existence of the contract. Mood v. Methodist Episcopal Church South, Tex.Civ.App., 289 S.W. 461, affirmed Tex.Com.App., 296 S.W. 506; City of Del Rio v. Ulen Contracting Corp., 5 Cir., 94 F.2d 701.

■ It takes the same consent and meeting of the minds to abandon a contract as it does to make a contract. Southern Travelers Ass'n v. Wright, Tex.Com.App., 34 S.W.2d 823; Wheeler v. New Brunswick & C. Ry. Co., 115 U.S. 29, 5 S.Ct. 1061, 29 L.Ed. 341.

■ Appellants have been kept out of possession of the property since January 29, 1945, the date they paid the consideration provided for in the contract and became entitled to a general warranty deed to the property, together with possession of the same, and appellee has remained in possession, enjoying the rents and revenues from the property. The trial court should have rendered judgment in the sum of $1,600, which the evidence shows was the reasonable rental value of the property from January 29, 1945, to November 1, 1946, the date of the trial. Steindler v. Virginia Public Service Co., 163 Va. 462, 175 S.E. 888, 95 A.L.R. 228; Manning v. Cohen, 124 La. 869, 50 So. 778.

■ The trial court further erred in not awarding to appellants an abatement of the purchase price in proportion to the diminution of the value of the property due to the five-year lease held by the Morris 5¢ to $1 Stores, Inc.; Austin v. Ewell, 25 Tex. Supp. 403; Heirs of Roberts v. Lovejoy, 60 Tex. 253; Puckett v. Hoover, Tex.Civ. App., 197 S.W.2d 602; Eppstein v. Kuhn, 225 Ill. 115, 80 N.E. 80, 10 L.R.A.,N.S., 117.

■ The evidence shows that the property with the Morris 5¢ to $1 Stores, Inc., No. 2, lease on it was worth $1,500 less than it would have been worth had it been free from all encumbrances.

It follows that vendees upon the payment of $2,900 into the registry of the court will

be entitled to a deed to the property in question.

The judgment of the trial court is reversed and the cause will be remanded to the trial court with instructions to enter judgment in accordance with this opinion.

Reversed and remanded with instructions to enter judgment for appellants.