McCALEB, Justice
 

 (dissenting in part).
 

 I am not in disagreement with the majority that the plaintiffs, Davis and Peacock, are entitled to have a specific performánce of their respective contracts with the defendant. But I believe that the court has erred in dismissing, as of nonsuit, the claim of Peacock for damages. This claim should have been dismissed absolutely for the reason that Peacock is not entitled to recover, in addition to the judgment for a specific performance, the profits which he expected to make on a resale of the . property- and of which he was deprived by /virtue' of defendant’s failure to deliver .title.-
 

 Article 1926 of the Civil Code declares:
 

 “On the Breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract,
 
 at his option,
 
 or he may require the dissolution of the contract,
 
 and in all these cases damages may be given where they have accrued,
 
 according to the rules established in the following section.” (Italics mine.)
 

 The following section, Article 1927, provides, in substance, that a breach of contract ordinarily entitles the party aggrieved to damages only but, where an award of damages would be inadequate compensation and the defaulting party has the power of performing the contract, a specific performance of it may be granted.
 

 A mere reading of Article 1926 makes it clear that the aggrieved party is not permitted to profit as a result of a breach of contract. He is entitled, at his option, to a specific performance or to damages and, where he has not been made whole by a specific performance, he may also recover such damages which have accrued to him by reason of the breach. This was recognized by the Court in Manning v. Cohen, 124 La. 869, 50 So. 778 where a vendee obtaining a specific performance was permitted to recover the fruits and revenues produced by the property from the date he was entitled to the delivery of title. See also Bonfield v. Tichenor, La.App.,"189 So. 635.
 

 It is patent, however, that the damages allowed in Manning v. Cohen are not in the same category as the claim of Peacock.
 
 *204
 
 Obviously, if Peacock was given a judgment for the profit he would have made on a resale of the property, he would have obtained his full measure of damages under Article 1934 of the Code. However, assuming that he was not restricted to this claim for damages (by reason of Article 1927) and is entitled to a specific performance of the contract (Article 2462), he could not have both (Article 1926).
 

 The recognition by the majority of a right in Peacock to recover his alleged lost profit in addition to a specific performance places him in a better position than he would have been if the defendant had complied with the agreement.