HAMITER, Justice.
In this action plaintiff, Roy H. Thompson, sues for specific performance of a written contract under which defendant, George V. Varino, agreed to sell and convey to him a parcel of land in the City of Monroe, Ouachita Parish, containing 2.03 acres, together with the improvements thereon. He prays also that defendant be condemned to pay attorney’s fees of $500.
After trial the district court rendered judgment ordering defendant to specifically perform the obligations of his contract. Plaintiff’s demand for attorney’s fees, however, was rejected.
Defendant appealed. Plaintiff has answered the appeal, asking that the judgment be amended to the extent of awarding the demanded attorney’s fees.
The purchase price of the property in question, as shown by the written contract dated November 29, 1940, was $2500. Of this amount plaintiff paid $200 initially. The balance, bearing interest at the rate of 5% per annum, was payable in ■ monthly installments of $15 each. The contract, among other things, further provided:
“It is understood that the party of the first part [defendant] will pay all taxes and insurance due on this property for the year 1940 and the party of the second part [plaintiff] will pay all taxes and insurance *1095 due on the property thereafter. It is understood that the failure of the payment of these taxes and insurance by the party of the second part [plaintiff] at the option of the party of the first part [defendant], this contract will he forfeited, annulled and voided.
“It is agreed that upon the payment of the sum of Seven Hundred ($700.00) Dollars on the principal and exclusive of interest in the manner stipulated herein, the party of the first part [defendant] agrees to execute a deed to the above described property, retaining a vendor’s lien and special mortgage for the balance. The balance due on the property is to be paid in the manner stipulated in this contract.” (Brackets ours)
In December 1940, according to the record, plaintiff took possession of the property, and on it has since continuously resided.
On February 21, 1949, up to which date all of the stipulated $15 monthly payments had been made, defendant’s attorney addressed to plaintiff the following letter: “In conformity with the terms of your contract with George V. Varino to purchase certain property you are hereby notified that the same is hereby cancelled, annulled and voided for the reason of your failure to pay the taxes due on said property and to have the buildings insured, all as provided in said contract.”
On March 1, 1949, plaintiff tendered to defendant the sum of $15, this being in satisfaction of the installment due on that date; but it was refused. Shortly thereafter plaintiff made the following additional tenders which were also refused: (1) $105 to cover installments due from March 1, 1949, to September 1, 1949, both dates inclusive, the acceptance of which would have effected a total payment of $706.43 on the agreed purchase price (exclusive of interest) ; (2) $141.71 to reimburse defendant for certain taxes (hereinafter discussed) paid by him; and (3) an instrument signed by plaintiff (credit deed) stipulating a vendor’s lien and special mortgage on the property, together with an appropriate promissory note.
In refusing to accept the last named two amounts defendant’s counsel informed plaintiff’s counsel, in a letter dated March 22, 1949, as follows:
“This will advise you that Mr. Varino is insisting that the contract entered into by him and Mr. Thompson has been violated and therefore is void and to that end I am returning to you the two checks, one of $141.71 and the other for $105.00, given as a tender by Mr. Thompson.
“Therefore we are still relying upon our letter of February 21, 1949, to Mr. Thompson notifying him of the cancellation of this contract.”
On the grounds assigned in the letter of February 21, 1949, announcing the cancellation of the contract, the defense to this action is predicated, they being the al *1097 leged failure of plaintiff to secure insurance and to pay the taxes as they became due.
Clearly there is no merit to the contention that plaintiff failed in his agreement to Keep the improvéments on the property insured; in fact, defendant does not urge it in this court. The record discloses that plaintiff, as soon as possible after taking possession, had the improvements insured and that the insurance since then has been in force and effect continuously. Each of the policies listed plaintiff as the insured and contained a loss payable clause in favor of defendant. All of them were retained in the office of the insurance agent, however, and defendant did not know of their existence until after the filing of this suit.
As to the taxes on the property, the assessment of which stood in the name of defendant, it appears that defendant paid all of them throughout the duration of the contract with the exception of the city taxes due for 1941, these having been paid by plaintiff. But the record further discloses that at various times during the period plaintiff went to the offices of the tax collecting officials to make the payments and on each occasion found that the taxes had already been paid.
We notice also that in 1947 plaintiff called on defendant to ascertain the unpaid balance under the contract. The latter was busy at the time and requested the former to return later for the information. Plaintiff did not return for the reason (he explains) that after making certain required repairs he had insufficient funds to retire the balance as he had hoped to do. However, during the mentioned visit plaintiff, according to his testimony, called attention to the fact that he owed some taxes and the defendant stated that he could pay them when the balance of the obligation was satisfied. This testimony must be accepted as true; for defendant does not deny having made the statement; he merely says “I don’t remember mentioning that.” Furthermore, defendant admits that at the meeting he made no demand for payment of taxes, and the record is silent with reference to such a demand at any other time.
Under the described circumstances we cannot conclude that plaintiff has breached his agreement with respect to the insurance and tax matters. Accordingly, and in view of the above mentioned tenders, we hold that the district court correctly ordered specific performance of the contract.
Plaintiff’s demand for attorney’s fees (reurged here in an answer to the appeal) was properly rejected. We have found no provision of law authorizing the award in a suit of this nature. To the contrary, in Manning v. Cohen, 124 La. 869, 50 So. 778, which was a specific performance action, this court said: “Attorney’s fees cannot be recovered in a case of this kind.”
As authority for the demand plaintiff’s counsel relies on Bonfield v. Tichenor, La. *1099 Appeal, Orleans Circuit, 189 So. 635. In that case, in addition to ordering specific performance, the court did allow certain items of damage. It is to be noticed, however, that therein the court, after citing and quoting from Manning v. Cohen, supra, specifically affirmed that portion of the trial court’s judgment which denied attorney’s fees as an element of damage.
For the reasons assigned the judgment appealed from is affirmed.